Rickey Lynn Bice was arrested on November 17, 1983, and charged with driving while under the influence in violation of Code of Alabama 1975, § 32-5A-191, as amended. After conviction of this offense in district court, Bice appealed to circuit court. The district attorney filed an information which stated as follows:
 "ON APPEAL FROM THE DISTRICT COURT OF MONTGOMERY COUNTY
 "The State of Alabama, by its District Attorney, JAMES H. EVANS, complains of RICKEY LYNN BICE, that within 12 months before the commencement of this prosecution, he did on or about November 17, 1983 drive or was in actual physical control of a motor vehicle upon a public highway in said County and State while under the influence of alcohol or a controlled substance, against the peace and dignity of the State of Alabama."
A jury trial was held, resulting in a finding of guilty as charged. The original sentence of the court was to six months' imprisonment in the county jail and a $300 fine. The court thereafter reserved the option to suspend the sentence and the fine upon the completion of an alcohol program. *Page 442 
 I
Appellant first contends that the information filed by the district attorney was void, evidently because the information does not cite the code section. Rule 15.2 (b) of the Alabama Temporary Rules of Criminal Procedure states:
 "Charging the Offense. The indictment or information shall state for each separate offense, other than lesser included offenses, the official or customary citation of the statute, rule, regulation, or other provisions of law which the defendant is alleged to have violated."
No response was made to this information except a plea of not guilty. A plea to the merits of an information operates as a waiver of the opportunity to plead to the information itself. As we stated in Fisher v. State, 453 So.2d 2 (Ala.Cr.App. 1984):
 "We have held in Pinkard v. State, 405 So.2d 411
(Ala.Crim.App. 1981), that a plea to the merits of an indictment waives the opportunity to plead to the indictment itself. This court stated in Edwards v. State, 379 So.2d 336 (Ala.Crim.App. 1979), cert. denied, 379 So.2d 339 (Ala. 1980), that:
 `Generally, a demurrer is the proper procedure to raise defects in an indictment. Since a plea to the merits admits the validity of an indictment, a demurrer filed after arraignment and after a plea of not guilty is properly stricken. . . . The right to file a demurrer is waived unless the demurrer is filed before a plea to the merits.' Quoted in Flowers v. State, 402 So.2d 1088 (Ala.Crim.App.), writ denied, 402 So.2d 1094 (Ala. 1981)."
We have recently applied Ex parte Bush, 431 So.2d 563 (Ala. 1983), to the situation of indictments and informations occurring after the effective date of Alabama Temporary Rules of Criminal Procedure, Rule 15.2. In the Bush case, our Supreme Court, per Justice Jones, stated:
 "Miscitation of a code section does not void an indictment which otherwise states an offense; and, in the absence of a showing of actual prejudice to the defendant, reference to the erroneous code section will be treated as mere surplusage. Mays v. City of Prattville, 402 So.2d 1114, 1116 (Ala.Cr.App. 1981); Coker v. State, 396 So.2d 1094, 1096
(Ala.Cr.App. 1981); Fitzgerald v. State, 53 Ala. App. 663, 665, 303 So.2d 162 (1974); Allen v. State, 33 Ala. App. 70, 73, 30 So.2d 479, petition struck, 249 Ala. 201, 30 So.2d 483 (1947); accord, United States v. Kennington, 650 F.2d 544 (5th Cir. 1981); Theriault v. United States, 434 F.2d 212, 213 n. 2 (5th Cir. 1970), cert. denied, 404 U.S. 869, 92 S.Ct. 124, 30 L.Ed.2d 113 (1971)."
The solicitor's information quoted above, except for its failure to cite the statute, satisfactorily charges a violation of section 32-5A-191, which contains this wording:
 "(a) A person shall not drive or be in actual physical control of any vehicle while. . . ."
An indictment which closely parallels the language of the statute creating the offense is generally valid. Harrison v.State, 384 So.2d 641 (Ala.Cr.App. 1980).
The code, § 15-8-21, provides:
 "Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning."
Also, § 15-8-4 provides:
 "An indictment must not be held insufficient, nor can the trial, judgment or other proceedings thereon be affected by reason of any defect or imperfection in any manner or form which does not prejudice the substantial rights of the defendant on the trial."
Rule 15.2 (a) of the Alabama Temporary Rules of Criminal Procedure states:
 "In General. The indictment of information shall be a plain, concise statement of the facts in ordinary language sufficiently definite to inform a defendant of common understanding of the offense charged and with that degree of certainty which will enable the court, upon conviction, *Page 443 
to pronounce the proper judgment."
 II
The appellant contends that the results of the photoelectric intoximeter test were incorrectly received into evidence. He argues that there was no proof that the specific batch of chemicals employed in the test had been tested to make sure that they worked right. The results of a photoelectric intoximeter test may be received into evidence upon one of two lines of proof. Moore v. State, 442 So.2d 164 (Ala.Cr.App. 1983), and authorities cited therein. The first is, proof that the test was administered in conformity with § 32-5A-194, Code of Alabama 1975. The second method is proof in accordance with the accepted traditional legal principles. This refers to establishing the foundation or predicate for the introduction of scientific test results. In neither the statutory path nor the traditional path for establishing this foundation do we find a requirement that each batch of chemicals be tested. This contention has no merit. Neither is there merit in Bice's argument that the results of the test were inadmissible because the test operator, licensed when the test was given, was not licensed at the time he testified as a witness.
 III
Appellant's counsel contends that his sentence to 60 days' imprisonment, subject to suspension, exceeded that given to first time offenders. Section 32-5A-191 (c), Code of Alabama 1975, states as follows:
 "Upon first conviction, a person violating this section shall be punished by imprisonment in the county or municipal jail for not more than one year, or by fine of not less than $50 nor more than $1,000, or by both such fine and imprisonment. In addition, on a first conviction, the director of public safety shall suspended the driving privileges or driver's license of the person so convicted for a period of ninety (90) days. First time offenders convicted of driving while under the influence of alcohol shall also be required to complete a DUI court referral program approved by the State Administrative Office of Courts. . . ."
This judgment is due to be affirmed.
AFFIRMED.
All the Judges concur.