Appellant, Ralph Gandy, was charged with the offense of driving under the influence of alcohol on July 8, 1983. On August 25, 1983, appellant was found guilty as charged in the Municipal Court of Birmingham. He appealed his conviction to the circuit court. A trial de novo before a jury in the circuit court resulted in a finding of guilt as to the charged offense. See §§ 12-11-30, 12-14-70, and 12-14-71, Code of Alabama 1975. Appellant was sentenced to 30 days at hard labor. This appeal followed.
Appellant argues that the Uniform Traffic Ticket and Complaint (hereafter referred to as U.T.T.C.) was not properly sworn to as required by the Alabama Supreme Court in Dison v.State, 469 So.2d 662 (Ala. 1984). The City argues that Dison
does not apply to municipal court cases. We note that the use of the U.T.T.C. is required of all law enforcement agencies andcourts of this state. See § 12-12-53, Code of Alabama 1975; Alabama Rules of Judicial Administration, Rule 19. This obviously included municipal law enforcement agencies and municipal courts.
The U.T.T.C. contained in the record of this cause appears to be unsworn. There is no signature and title written in the proper space, although it does appear that a name has been erased from this space. The City does not take issue with the fact that the U.T.T.C. was unsworn, so we, therefore, must conclude that whatever appeared in this space was properly removed and was not the signature and title of a judge or magistrate.
We find the City's position to be without merit. The reasoning expressed in Dison as to district court judgments is equally applicable to municipal court judgments. It therefore follows that "when the initial affidavit in a misdemeanor case is not merely irregular, but void, it will not support the filing of a sufficient information or complaint by the district attorney for a trial de novo in circuit court. Dison at 665. We have previously applied Dison to other municipal court cases. See Carlson v. City of Huntsville, [1985] 475 So.2d 907
(Ala.Crim.App. 1985); Graves v. City of Athens, 472 So.2d 720
(Ala.Crim.App. 1985).
The circuit court did not have proper jurisdiction to try appellant for the crime charged, because the municipal court judgment was based on an unverified complaint. This case is therefore due to be, and it is hereby, reversed and the cause remanded upon the authority of Dison v. State, 469 So.2d 662
(Ala. 1984).
REVERSED AND REMANDED.
All Judges concur. *Page 13