McMILLAN, Judge.
From a conviction for the offense of driving while under the influence of alcohol, this appeal follows. Under the authority of Ex parte Dison, 469 So.2d 662 (Ala.1984), appellant’s conviction is due to be reversed and the case remanded.
Appellant, Marvin E. Carroll, Jr., was charged with the offense of driving while under the influence of alcohol on June 19, 1984, in violation of § 14-2, Municipal Ordinance, City of Huntsville. Appellant was issued an Alabama Uniform Traffic Ticket and Complaint, (hereinafter referred to as “U.T.T.C.”). On July 13, 1984, appellant was found guilty of the offense in Huntsville Municipal Court and he appealed to the Madison County Circuit Court for a trial de novo. Appellant was again found guilty in circuit court and was fined $250.00, along with the court costs, and sentenced to ten days in the city jail.
Appellant’s sole contention is that the U.T.T.C. was not properly sworn to and thus his conviction is void under the authority of Ex parte Dison. Appellant’s argument is that since the complaint was un-sworn to in municipal court, the circuit court did not have proper subject matter jurisdiction for a trial de novo.
The City of Huntsville argues that Dison would not apply to convictions based on municipal ordinances, and thus the conviction is valid. However, as this court, per Judge Patterson, noted in the recent decision of Gandy v. City of Birmingham, 478 So.2d 11 (Ala.Cr.App.1985):
“The use of the U.T.T.C. is required of all law enforcement agencies and courts of this state. See § 12-12-53, Code of Alabama 1975; Alabama Rules of Judicial Administration, R. 19. This obviously included municipal law enforcement agencies and municipal courts.” Id. (Emphasis in original.)
Under the authority of Gandy, § 12-12-53, Code of Alabama (1975), would apply to all law enforcement agencies, both municipal and state, as well as municipal and state courts.
*389 From a review of the record on appeal, it is apparent that the U.T.T.C. does not bear the signature of a judge or magistrate as required by Dison. Under the Gandy analysis, the rationale set forth in Dison would apply not only to district court judgments, but also to municipal court judgments. See also, Carlson v. City of Huntsville, 475 So.2d 907 (Ala.Cr.App.1985); Graves v. City of Athens, 472 So.2d 720 (Ala.Cr.App.1985); Swann v. City of Huntsville, 471 So.2d 1268 (Ala.Cr.App.1985); Young v. City of Athens, 469 So.2d 668 (Ala.Cr.App.1985); Clark v. City of Andalusia, 469 So.2d 668 (Ala.Cr.App.1985).
Under the authority of Gandy, the circuit court lacked jurisdiction to try the appellant on a void and unverified complaint. For this reason, the appellant’s conviction is hereby reversed and the case remanded.
REVERSED AND REMANDED.
All the Judges concur.