ON REMAND FROM THE ALABAMA SUPREME COURT
McMILLAN, Judge.
The appellant was convicted of the offense of driving while under the influence of alcohol and, on appeal, this court, 505 So.2d 388, reversed and remanded the case on the authority of Ex parte Dison, 469 So.2d 662 (Ala.1984) and Gandy v. City of Birmingham, 478 So.2d 11 (Ala.Cr.App.1985). Thereafter, The Alabama Supreme Court, 505 So.2d 389, reversed the judgment of the Court of Criminal Appeals and remanded the cause on the authority of Ex parte City of Dothan, 501 So.2d 1136 (Ala.1986).
I.
The appellant argues that the Circuit Court of Madison County did not have jurisdiction over this case because the conviction in the Municipal Court of the City of Huntsville was void as based on an unsworn or an unverified complaint. However, the appellant has waived his rights to raise this issue. “[I]f the UTTC is not verified and the defendant does not object to this defect before trial, then the objection to the court’s personal jurisdiction of the defendant has been waived.” Ex parte City of Dothan, supra. (Emphasis added).
II.
The appellant contends that the warrant was fatally defective for its failure to properly and adequately advise him of the offense with which he was charged. Although the appellant did not raise the issue of a defective indictment in a pre-trial motion, “a defect in an indictment which results in a failure to charge an offense can be raised at any time. Davidson v. State, 351 So.2d 683 (Ala.Cr.App.1977).” Cole v. State, 435 So.2d 231, 233 (Ala.Cr.App.1983). However, the record indicates that the appellant was clearly apprised of the offense with which he was charged. The appellant argues that the U.T.T.C. charged him with the violation of 14-2 municipal ordinance and, under the rule of Smith v. State, 435 So.2d 158 (Ala.Cr.App.1983), he was not informed of the violation of “any specific offense condemned by Section 32-5A-191, Code of Alabama, 1975.” The appellant quotes the section of the Smith decision which found an indictment fatally defective because it did not specify whether the defendant was guilty of violating § 32-5A-191(a)(2) (driving under the influence of alcohol), § 32-5A-191(a)(3) (driving under the influence of a controlled substance), or § 32-5A-191(a)(4) (driving under the combined influence of alcohol *391-399 and a controlled substance). However, the record clearly indicates on the U.T.T.C. form, under the section entitled “Description of Offense” that the appellant was charged with driving under the influence of alcohol. Where an indictment-contains language which conveys the meaning of a statute, see § 15-8-21, Code of Alabama (1975), the violation of a code section may be satisfactorily charged despite the failure to cite the statute. Bice v. State, 472 So.2d 440, 442 (Ala.Cr.App.1985). “An indictment must not be held insufficient, nor can the trial, judgment, or other proceedings thereon be affected by reason of any defect or any imperfection in any manner or form which does not prejudice the substantial rights of the defendant on the trial.” § 15-8-4, Code of Alabama (1975). We find that the appellant was sufficiently informed that he was charged with the offense of driving under the influence of alcohol.
AFFIRMED.
All the Judges concur.