Danny Stephen Raper was charged with and convicted of driving or being in actual physical control of a vehicle while under the influence of a substance which impaired his ability, in violation of § 32-5A-191(a)(5), Code of Alabama 1975. He was sentenced to 70 days' imprisonment in the county jail, was ordered to pay a fine of $1,400 and court costs, and was additionally ordered to be evaluated by the D.U.I. Referral Program for placement. Raper presents three issues for review on appeal.
 I.
Raper contends that the trial court erred to reversal by improperly charging the jury on circumstantial evidence. Specifically, he alleges that the trial court "did not give the complete charge as set forth in the Alabama Pattern Jury Instructions, Criminal, regarding circumstantial evidence." He argues that the trial court should have given the following additional instructions:
 "There should not be a conviction upon circumstantial evidence unless to a moral certainty it excludes every other reasonable hypothesis than that of the guilt of the accused. No matter how strong may be the circumstances, if they can be reconciled with the theory that the Defendant is innocent then the guilt of the accused is not shown by that full measure of proof that the law requires and the Defendant should be acquitted."
The trial court instructed the jury as follows:
 "Upon considering all of the evidence or lack of evidence, if you have a reasonable doubt about the defendant's guilt arising out of any part of the evidence or lack of evidence, you should find the defendant not guilty . . . .
 "Ladies and gentlemen, there is some evidence in the case that would be classified as circumstantial evidence, and I'll advise you as to the law of circumstantial evidence. The mere fact that evidence is of a circumstantial nature does not make it deficient. Circumstantial evidence is entitled to the same weight as direct evidence provided it points to the guilt of the accused. The test of the sufficiency of circumstantial evidence is not whether the possibility exists that someone other than the accused may have committed the crime, or some other element of the crime, but rather whether the evidence excludes every reasonable hypothesis but that of the accused's guilt. Whether the circumstances as proved produce a moral conviction to the exclusion of every reasonable doubt."
As Raper notes in his brief, a trial court has broad discretion in fashioning a jury instruction, provided it accurately reflects the law and facts of the case. See Coon v.State, 494 So.2d 184, 186 (Ala.Cr.App. 1986). The trial court's charge, as set out above, was sufficient. Not only does it encompass the allegedly omitted passages complained of by Raper, it is also an accurate reflection of the law concerning circumstantial evidence. See Wabbington v. State, 446 So.2d 665
(Ala.Cr.App. 1983), cert. denied, 467 U.S. 1254, 104 S.Ct. 3542,82 L.Ed.2d 846 (1984). The charge, as given, substantially and fairly covered the instructions sought by Raper. Cf. A.R.Cr.P.Temp. 14.
Raper attempts to argue on appeal that the trial court erred by misstating the law and facts when it charged the jury on circumstantial evidence. He alleges that these misstatements were confusing and *Page 546 
misleading, and that they did not accurately reflect upon the facts of this case. A careful review of the record clearly indicates that Raper's objection was addressed to the trial court's alleged error of omission in completely charging the jury, not to an alleged error of commission in charging the jury. By making a specific objection, Raper waived all grounds not asserted. See Ex parte Frith, 526 So.2d 880, 882
(Ala. 1987). Therefore, his argument concerning the trial court's alleged misstatement of the law and facts of this case is procedurally barred.
 II.
Next, Raper contends that the trial court erred to reversal by denying his motion to exclude the state's evidence and his motion for judgment of acquittal. Both motions were presented to the trial court at the conclusion of the state's case-in-chief. The state's evidence tended to show the following facts: On January 26, 1990, at approximately 2:06 a.m., Officer Rickey Mitchell, of the Red Bay Police Department, observed a stopped car facing west on Highway 24 in front of the city library. The car was in the correct lane of traffic, but none of its lights were on. Mitchell turned his patrol car around, turned on the blue lights, and approached the stopped car. He noticed that the car's engine was running. Because the car's windows were tinted, Mitchell could not see inside. Therefore, he proceeded to open the door and look inside. He saw Raper leaning over the car's console as if he was looking for something under the console or under the seat on the passenger's side. Mitchell told Raper to place the car's gear shift lever in park after noticing that it was in the neutral position. Raper then complied with Mitchell's request to step out of the car. Mitchell observed that Raper's shirt was burned and torn. He additionally observed blood on both Raper's shirt and pants legs. A white bandage was wrapped around Raper's arm. He told Mitchell that his arm had been burned at work. After Raper exited his car, Mitchell observed that his eyes were "glossy, glass-looking," and that his speech was somewhat slurred. When Mitchell asked him if he knew where he was, Raper had to look around to determine his location. Additionally, he told Mitchell that he must not have turned on his car's lights when he left a convenience store approximately one mile from where Mitchell had found him stopped on Highway 24. Having known Raper for approximately 10 years, Mitchell indicated that Raper was not acting normally on this occasion. Usually, Raper would talk normally and would be "more aware of what was going on."
Raper was arrested and taken to the police station where the Intoxilyzer 5000 test was administered. The test results indicated that no alcohol was detectable in Raper's blood. This was so even though Mitchell had earlier noticed a "slight" odor of beer on Raper's person. After this test was administered, Raper was allowed to make a telephone call. He looked up the same number three times before he could remember it correctly. Because the police department's telephone system had six different lines, Mitchell showed him how to use the telephone three times. All that was required to make an outgoing telephone call was to push one additional number before dialing the telephone number. The remaining numbers were for intra-office use. Even after Mitchell showed Raper which number to push, he pushed the wrong number several times before he selected the correct one. After gaining access to an outside line, Mitchell noticed that Raper was "real slow" in pushing the telephone number he dialed. While being "booked," Raper repeatedly told Mitchell that he was not drunk, but that "he had been to the hospital at Fulton" where he received a shot for the injury to his arm. In Mitchell's opinion, Raper was not in a condition to operate his car safely.
In determining whether sufficient evidence has been produced to sustain a conviction, the evidence must be reviewed in the light most favorable to the prosecution. Cumbo v. State,368 So.2d 871, 874 (Ala.Cr.App. 1978), cert. denied, 368 So.2d 877
(Ala. 1979); Bass v. State, 55 Ala. App. 88, 313 So.2d 208
(Crim.App. 1975). *Page 547 
 "The test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude."
Cumbo, 368 So.2d at 874. See also Davis v. State,505 So.2d 1303 (Ala.Cr.App. 1987). A conviction based on circumstantial evidence is justified only when it is inconsistent with any reasonable hypothesis that the defendant is innocent. SeeDavis, 505 So.2d at 1305, and cases cited therein; Cumbo, 368 So.2d at 875.
After reviewing the evidence that existed before Raper presented the above two motions, it is clear that the state's evidence is inconsistent with any reasonable hypothesis but that of Raper's guilt. Raper concedes that he was in actual physical control of his car. However, he argues that the state failed to prove he was "under the influence." Officer Mitchell testified that Raper's eyes were "glossy, glass-looking," that his speech was slurred, and that he had trouble determining where he was when asked. He further testified concerning the difficulty with which Raper had in his repeated attempts to use the telephone and the fact that Raper repeatedly claimed that he was not drunk, but that he had received a shot for the injury to his arm. Mitchell, who had known Raper for approximately 10 years, stated that, in his opinion, Raper was not in a condition to operate his vehicle safely. All of this evidence, when viewed in the light most favorable to the prosecution, was legally sufficient to sustain a conviction. The trial court was correct in submitting this case to the jury and in denying Raper's motions to exclude the evidence and for judgment of acquittal.
 III.
Raper also contends that the trial court erred in denying his motion to dismiss the complaint. Specifically, he alleges that the complaint failed to accurately or fairly inform him of the offense sought to be charged. The complaint by which Raper was charged reads, in pertinent part, as follows:
 "Danny Stephen Raper . . . on, to-wit: January 26, 1990, while he was under the influence of a substance which impaired his mental or physical facilities [sic], . . . did drive or have actual physical control over a vehicle upon a public road or the highways within the corporate limits of the City of Red Bay, Franklin County, Alabama, in violation of Municipal Ordinance No. 83-3-15 of the City of Red Bay, Franklin County, Alabama, which adopts § 32-5A-191 of the Code of Alabama. . . ."
Section 32-5A-191(a)(5) reads as follows: "A person shall not drive or be in actual physical control of any vehicle while . . . [u]nder the influence of any substance which impairs the mental or physical faculties of such person to a degree which renders him incapable of safely driving."
Initially, Raper argues that the complaint is fatally defective because it fails to allege he was under the influence of a substance "to a degree which rendered him incapable of safely driving." He claims that the omission of this "necessary element" of the offense did not allow him to be accurately inform[ed] . . . of the offense charged nor did it state an offense prohibited by law." In Ex parte Buckner, 549 So.2d 451
(Ala. 1989), our Supreme Court addressed a similar issue. InBuckner, the definition of "under the influence of alcohol," as found at § 325-5A-191(a)(2), was under review. Although §32-5A-191(a)(2) does not explicitly require the state to prove a certain degree of alcoholic influence to obtain a conviction, the Supreme Court held that, "for purposes of §32-5A-191(a)(2), the phrase 'under the influence of alcohol' is to be defined as 'having consumed such an amount of alcohol as to affect [a person's] ability to operate a vehicle in a safe manner.' " Id. at 453-54. The analysis used in Buckner can and should be applied to the present case. Clearly, it was the intent of the legislature that the degree of influence caused by any substance be such that it render a person incapable of driving safely. In fact, this same language can be found in §32-5A-191(a)(5), *Page 548 
as set forth above. Therefore, it is the prosecutor's burden to prove that a defendant was under the influence of any substance to the extent that it affected his ability to operate his vehicle in a safe manner. "The burden on the prosecutor also makes the degree of the defendant's [incapacitation] a jury question." Id. at 453.
Following the analysis and logic in Buckner, we hold that, for purposes of § 32-5A-191(a)(5), the language "having consumed such an amount of any substance as to affect his ability to operate a vehicle in a safe manner" is sufficiently implied by its incorporation into the phrase "under the influence of a substance." Moreover, this element was qualified by the phrase "which impaired his mental or physical facilities [sic]." Based on the above reasoning, it is abundantly clear that the instant complaint accurately and fairly informed Raper of the offense charged and that it sufficiently stated an offense prohibited by law.
Additionally, Raper argues that the complaint is defective because it contains no recitation to a particular subsection of § 32-5A-191. "Where an indictment contains language which conveys the meaning of a statute, see § 15-8-21, Code ofAlabama (1975), the violation of a code section may be satisfactorily charged despite the failure to cite the statute.Bice v. State, 472 So.2d 440, 442 (Ala.Cr.App. 1985)." Carrollv. City of Huntsville, 505 So.2d 389, 391 (Ala.Cr.App. 1987), cert. denied, 484 U.S. 830, 108 S.Ct. 102, 98 L.Ed.2d 62
(1987). Accordingly, both of Raper's arguments attacking the complaint lack merit. The trial court did not abuse its discretion by denying Raper's motion to dismiss the complaint.
For the above reasons, the judgment of the circuit court is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.