Rel: September 26, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2025

_____

### SC-2024-0648

_____

**Ex parte John Sandifer**

**PETITION FOR WRIT OF CERTIORARI
TO THE COURT OF CRIMINAL APPEALS**

**(In re: City of Huntsville**

**v.**

**John Sandifer)**

**(Madison Circuit Court: CC-22-3285;
Court of Criminal Appeals: CR-2023-0354)**

_____

### SC-2024-0649

_____

**Ex parte Curtis Tanner**

**PETITION FOR WRIT OF CERTIORARI
TO THE COURT OF CRIMINAL APPEALS**

**(In re: City of Huntsville**

**v.**

**Curtis E. Tanner)**

**(Madison Circuit Court: CC-23-464;
Court of Criminal Appeals: CR-2023-0353)**

_____

**SC-2024-0651**

_____

**Ex parte Brodrick Fearn**

**PETITION FOR WRIT OF CERTIORARI
TO THE COURT OF CRIMINAL APPEALS**

**(In re: City of Huntsville**

**v.**

**Brodrick D. Fearn)**

**(Madison Circuit Court: CC-22-4774;
Court of Criminal Appeals: CR-2023-0348)**

_____

**SC-2024-0652**

_____

SC-2024-0648; SC-2024-0649; SC-2024-0651; SC-2024-0652

**Ex parte Dillon Barrett**

**PETITION FOR WRIT OF CERTIORARI
TO THE COURT OF CRIMINAL APPEALS**

**(In re: City of Huntsville**

**v.**

**Dillon Barrett)**

**(Madison Circuit Court: CC-22-3440;
Court of Criminal Appeals: CR-2023-0349)**

STEWART, Chief Justice.

We granted the certiorari petitions of John Sandifer, Curtis Tanner, Brodrick Fearn, and Dillon Barrett ("the petitioners") to consider whether the decision of the Court of Criminal Appeals in <u>City of Huntsville v. Fearn</u>, [Ms. CR-2023-0348, Mar. 22, 2024] ___ So. 3d ___ (Ala. Crim. App. 2024), conflicts with authority from this Court and the Court of Criminal Appeals concerning 1) the preservation requirements applicable to de novo appeals from municipal courts to circuit courts and 2) the pleading requirements applicable to municipal-court complaints. For the reasons expressed below, we affirm the judgments of the Court of Criminal Appeals.

3

Facts and Procedural History

For the purposes of this opinion, only a brief summarization of the factual and procedural history of these cases is necessary. The petitioners were convicted in separate actions in the Huntsville Municipal Court ("the municipal court") of violating certain municipal ordinances of the City of Huntsville ("the City"). Each petitioner appealed his municipal-court conviction to the Madison Circuit Court ("the circuit court") for a trial de novo, and, before those trials were held, the petitioners moved to dismiss the complaints against them.

Each petitioner sought the dismissal of the complaint against him based on the argument that the complaint omitted "an averment of authorized ordination by the municipality" and, therefore, that the complaint failed to charge an offense. Sandifer and Barrett additionally argued that the complaints against each of them alleged violations of a city ordinance adopting sections of the Alabama Code that did not exist and did not enumerate a crime. It is undisputed that all the petitioners raised these arguments for the first time in the circuit-court proceedings.

The circuit court granted each petitioner's motion to dismiss.[1] The City appealed the judgments of dismissal to the Court of Criminal Appeals, and, after consolidating the cases, on March 22, 2024, that court issued a unanimous opinion reversing the circuit court's judgments and remanding the causes for further proceedings. See Fearn, supra. Thereafter, the petitioners filed separate petitions for the writ of certiorari in this Court, which this Court granted. This Court consolidated these cases for the purpose of issuing one opinion.

## This Court's Jurisdiction

At the outset, we must address the City's argument that certiorari review is unavailable to the petitioners because, it contends, their petitions were untimely filed. The petitioners filed their certiorari petitions within seven days of the date the Court of Criminal Appeals issued its order overruling their applications for rehearing, which is in compliance with the time requirements set forth in Rule 39(c)(2), Ala. R. App. P.  However, the City nevertheless argues that the petitions were

---

[1]The circuit court's orders granting Tanner's and Sandifer's motions to dismiss give no explanation. In both Barrett's and Fearn's cases, the circuit court granted their motions to dismiss because the "complaint as filed fails to confer jurisdiction on this Court."

untimely because the petitioners filed their applications for rehearing 14 days, instead of 7 days, after the Court of Criminal Appeals issued its decision. Rule 40(c), Ala. R. App. P., requires that, in most cases, an application for rehearing must be filed within 14 days of the questioned decision. However, that rule provides that, "in the case of a rehearing application in a pretrial appeal by the state in a criminal case, the application … must be filed … within 7 days (1 week) after the release of the decision." The City contends that its appeals to the Court of Criminal Appeals should be treated as appeals taken by "the state." See Rule 15.7(a), Ala. R. Crim. P. (providing for pretrial appeals by the state and stating that a municipality may appeal a pretrial order "in like manner"). Thus, the City argues that, because the applications for rehearing were filed more than 7 days after the decision of the Court of Criminals Appeals, they were untimely and of no effect and that the petitions for the writ of certiorari were, therefore, also untimely. We disagree.

Even if we were to hold that the petitioners' applications for rehearing were untimely, the filing of a timely application for rehearing is not a jurisdictional act. Indeed, the Court of Criminal Appeals is authorized under Rule 2(b), Ala. R. App. P., to "exercise its discretion …

6

to extend the time for filing an application for a rehearing or to place a case on rehearing ex mero motu." State v. Martin, 56 So. 3d 709, 725 (Ala. Crim. App. 2009), aff'd, 56 So. 3d 726 (Ala. 2010).[2] Here, the Court of Criminal Appeals accepted the petitioners' applications for rehearing, and these certiorari petitions were timely filed seven days from the date the Court of Criminal Appeals issued its order overruling their applications for rehearing. Accordingly, our jurisdiction has been properly invoked. See Rule 39(c)(2).

## Analysis

### I. The Circuit Court's Subject-Matter Jurisdiction

First, we note that, in the circuit court, the sufficiency of the municipal-court complaints against the petitioners was treated as a matter affecting the subject-matter jurisdiction of the circuit court. On this point, the Court of Criminal Appeals correctly determined that any defects in the municipal-court complaints did not divest the circuit court

---

[2]Rule 2(b), Ala. R. App. P., provides this Court and the intermediate appellate courts with the authority to "suspend the requirements or provisions of any of these rules … on [the court's] own motion." That authority, however, does not allow an appellate court to extend the time for taking an appeal or this Court to extend the time for filing a petition for the writ of certiorari.

of its subject-matter jurisdiction because that jurisdiction is derived from § 12-11-30(3), Ala. Code 1975, which permits appeals of municipal-court convictions to circuit courts. "Jurisdiction is '[a] court's power to decide a case or issue a decree.' Black's Law Dictionary 867 (8th ed. 2004). Subject-matter jurisdiction concerns a court's power to decide certain types of cases. … That power is derived from the Alabama Constitution and the Alabama Code." Ex parte Seymour, 946 So. 2d 536, 538 (Ala. 2006) (citing Woolf v. McGaugh, 175 Ala. 299, 303, 57 So. 754, 755 (1911), and United States v. Cotton, 535 U.S. 625, 630-31 (2002)). "The United States Supreme Court has long held that 'defects in an indictment do not deprive a court of its power to adjudicate a case.'" Id. (quoting Cotton, 535 U.S. at 630).

## II. Whether the Petitioners Waived Their Challenges to the Municipal-Court Complaints

Next, we turn to the question whether the petitioners waived their challenges to the municipal-court complaints by failing to raise those challenges in the municipal court. The Court of Criminal Appeals held that the petitioners had waived any challenge to alleged deficiencies in the municipal-court complaints because they had raised their challenges for the first time in the circuit-court proceedings. The court further

8

explained that the petitioners were required to "raise their arguments concerning the alleged defects in their complaints in a pretrial motion in the municipal court, ... 'at the time of or before entering a plea,'" citing Rule 15.2(a) and quoting Rule 15.3(a)(2), Ala. R. Crim. P. <u>Fearn</u>, ___ So. 3d at ___.[3]

In <u>Ex parte Sorsby</u>, 12 So. 3d 139, 146 (Ala. 2007), this Court stated that "[a] trial de novo is '[a] new trial on the entire case -- that is, on both questions of fact and issues of law -- conducted as if there had been no trial in the first instance.'" (Quoting <u>Black's Law Dictionary</u> 1544 (8th ed. 1990).)[4] In <u>Ex parte Sorsby</u>, this Court considered the applicability of certain Rules of Criminal Procedure to appeals from municipal-court and district-court convictions for trials de novo in circuit courts. This Court determined that, as applied to such appeals, Rule 14.4(a), Ala. R. Crim. P., which requires defendants to reserve issues for appeal when entering

---

[3]Rule 15.2(a), Ala. R. Crim. P., requires a defendant to raise in a pretrial motion "[o]bjections based on defects in the commencement of the proceeding or in the charge, <u>other than lack of subject matter jurisdiction or failure to charge an offense</u>." (Emphasis added.)

[4]Tanner, Fearn, and Barrett further contend that Rule 15.2(d), Ala. R. Crim. P., expressly permitted them to raise their "failure to charge an offense" challenges to the municipal-court complaints "at any time during the pendency of the proceeding."

a guilty plea, and Rule 26.9(b)(4), Ala. R. Crim. P., which requires defendants to move to withdraw a guilty plea before appealing, limited the statutory authority of the circuit court to conduct, and the defendant's right to receive, a de novo review. This Court explained that an appeal to a circuit court for a trial de novo is to be tried "'as if no trial had ever been had, and just as if it had originated in the circuit court.'" Id. (quoting Louisville & Nashville R.R. v. Lancaster, 121 Ala. 471, 473, 25 So. 733, 735 (1899))(emphasis omitted). Recently, in Alabama Department of Revenue v. Greenetrack, Inc., 369 So. 3d 640, 655 (Ala. 2022), this Court again stated: "As held by an unbroken line of authority in this state, a trial de novo means a new trial 'as if no trial had ever been had, and just as if it had originated in the circuit court.'" (Quoting Lancaster, 121 Ala. at 473, 25 So. at 735, and citing Ex parte Sorsby, 12 So. 3d at 146, and Ball v. Jones, 272 Ala. 305, 309, 132 So. 2d 120, 122 (1961).)

Even more recently, this Court explained that "the idea that 'an appeal from a trial de novo does not mean that the slate is thrown away' refers to the principle that a conviction in a district court is not rendered obsolete by an appeal for a trial de novo to a circuit court." Ex parte Ramirez, [Ms. SC-2024-0532, Jan. 17, 2025] ___ So. 3d ___, ___ (Ala.

10

2025). "It is in that sense 'that the slate is [not] thrown away.'" Id. at ___. "There is nothing to indicate, however, that that principle means that all the procedural aspects that occurred in the district-court proceeding are forwarded and applied to the proceeding before the circuit court in conducting a trial de novo." Id. at ___. In determining on certiorari review that the decision of the Court of Criminal Appeals in Ramirez v. State, [Ms. CR-2023-0282, June 28, 2024] ___ So. 3d ___ (Ala. Crim. App. 2024), conflicted with Ex parte Sorsby and Clark v. City of Mobile, 357 So. 2d 675 (Ala. Crim. App. 1978), this Court reaffirmed: "It is apparent from Alabama's established authority that an appeal to a circuit court for a trial de novo means that the trial de novo is an entirely new proceeding and is treated as if no trial had ever been conducted in the lower court." Id. at ___. See also State v. Shiver, [Ms. CR-2023-0604, Nov. 8, 2024] ___ So. 3d ___, ___ (Ala. Crim. App. 2024) (relying on the principles espoused in Ex parte Sorsby in holding that whether a defendant "received reasonable notice of the amended charge before her district-court trial should not have been of any concern to the circuit court" in de novo proceedings, because "'review in the circuit court is by trial de novo without any consideration being given to the prior proceedings in the

11

district court'"(citation omitted)). Accordingly, the petitioners were permitted to raise the failure of the municipal-court complaints to charge an offense as a challenge during "the pendency of the proceeding[s]," which, based on the foregoing authorities, encompassed not only the municipal-court proceedings but also the de novo circuit-court proceedings. See Ex parte Sorsby and Rule 15.2(d) (providing that a defendant may raise "the failure of the charge to state an offense … at any time during the pendency of the proceeding").

### III. Whether the Municipal-Court Complaints Complied with the Alabama Rules of Criminal Procedure

Notwithstanding our conclusion that the petitioners did not waive their challenges, the Court of Criminal Appeals alternatively held that the petitioners were not entitled to have the municipal-court complaints dismissed because the complaints complied with the Alabama Rules of Criminal Procedure. More specifically, the court explained that, all that is required for a charging instrument to be valid under Rule 13.2(a), Ala. R. Crim. P., "is that the charging instrument include a 'plain, concise statement of the charge in ordinary language sufficiently definite to inform a defendant of common understanding of the offense charged and with that degree of certainty which will enable the court, upon conviction,

12

to pronounce the proper judgment.'" <u>Fearn</u>, ___ So. 3d at ___ (quoting Rule 13.2(a)). The court further explained:

"Charging instruments that comply with Rule 13.2(a), Ala. R. Crim. P., are sufficient to satisfy the due-process requirement of informing the accused of the charges against him or her, even if it does not cite a specific statute (or incorrectly cites a statute). <u>See</u> [State v.] Thomas, 200 So. 3d [35,] 42 [(Ala. Crim. App. 2015)](holding that a Uniform Traffic Ticket and Complaint was not defective even though it did not cite a specific section of the Alabama Code that had been violated), <u>see also</u> <u>Whitt v. State</u>, 827 So. 2d 869, 877 (Ala. Crim. App. 2001) ('"'Where an indictment contains language which conveys the meaning of a statute, see § 15-8-21, Code of Alabama (1975), the violation of a code section may be satisfactorily charged despite the failure to cite the statute.'" <u>Raper v. State</u>, 584 So. 2d 544, 548 (Ala. Crim. App. 1991) (quoting <u>Carroll v. City of Huntsville</u>, 505 So. 2d 389, 391 (Ala. Crim App. 1987)).')."

<u>Fearn</u>, ___ So. 3d at ___. The Court of Criminal Appeals concluded that the municipal-court complaints were "written in terms that would properly inform a defendant of the offenses charged" and were "not so defective as to warrant the [petitioners] any relief." <u>Id.</u> at ___ (citing <u>Moye v. City of Foley</u>, 632 So. 2d 1012, 1014-15 (Ala. Crim. App. 1993) (holding that the municipal-court complaints filed against Moye "fully comply

13

SC-2024-0648; SC-2024-0649; SC-2024-0651; SC-2024-0652

with the requirement of Rule 13.2(a), Ala. R. Crim. P.," and thus were "sufficient to provide [Moye] with the required notice")).[5]

The petitioners argued before the Court of Criminal Appeals that the circuit court had properly dismissed the complaints against them because the City had failed to plead material elements of the applicable municipal ordinances and the circuit court could not take judicial notice of the ordinances. The Court of Criminal Appeals acknowledged that, "historically, complaints alleging a violation of a municipal ordinance had to contain certain formalities such as alleging that the ordinance had been adopted before the commission of the offense to show that there had not been an ex post facto violation." Fearn, ___ So. 3d at ___ (citing Harris v. City of Vestavia Hills, 49 Ala. App. 171, 173-74, 269 So. 2d 626, 627-28 (1972)). Notwithstanding those historical formalities, the Court of Criminal Appeals explained that the adoption of the Alabama Rules of Criminal Procedure had dispensed with those requirements. The court reasoned:

_____

[5]The petitioners have not challenged the Court of Criminal Appeals' decision that the municipal-court complaints were sufficient because the complaints complied with Rule 13.2(a), and they have not presented argument or authority alleging any conflict with that decision.

14

"[T]he Committee Comments to Rule 13.2, Ala. R. Crim. P., explained that the rule-based pleading requirements were 'designed to simplify the pleading in criminal matters … and [to] eliminate[] the necessity of formal averments.' Furthermore, Rule 13.2(d), Ala. R. Crim. P., which states that an indictment or charging instrument does not 'need [to] negative any defense or affirmative defense contained in any statute creating or defining the offense charged,' also supports the conclusion that the City was not required to anticipate the issues raised by the [petitioners] and preemptively disprove the defense by including an allegation in each complaint that the applicable ordinances had been adopted prior to the acts alleged in the complaints."

Fearn, ___ So. 3d at ___.

Tanner, Fearn, and Barrett argue that the foregoing holding ignores differences between municipal and state prosecutions and conflicts with authority requiring a municipality to plead and prove the ordinance alleged to have been violated. They assert that, because the City failed to plead material elements of the applicable municipal ordinances and the circuit court could not take judicial notice of the ordinances, the circuit court properly dismissed the actions on the basis that the complaints failed to charge an offense.[6] In support, those three

---

[6]Those three petitioners argue that, because the City is a class 3 municipality, the circuit court was not permitted to take judicial notice of the City's municipal ordinances. See § 11-45-11, Ala. Code 1975 ("All courts of the State of Alabama shall take judicial notice of all municipal ordinances of each Class 1 or Class 2 municipality."), and § 11-40-12, Ala.

15

petitioners rely on, among other authorities, <u>Harris</u>, <u>supra</u>, in which the Court of Criminal Appeals held that a municipal-court complaint must include, among other things, an averment " 'that the ordinance was duly adopted and ordained prior to the commission of the offense, by the proper municipal authorities' " and explained that " '[t]he mere statement, as a legal conclusion, that the acts of the accused were committed "in violation of an ordinance," will not suffice.' "[7] 49 Ala. App. At 173-74, 269 So. 2d at 627 (quoting <u>Young v. City of Attalla</u>, 25 Ala. App. 255, 255, 144 So. 128, 128 (1932))(emphasis omitted). They also

_____

Code 1975 (providing classifications for municipalities). The City argues that, regardless of whether the circuit court could take judicial notice of the municipal ordinances, "judicial notice is not necessary at the pleadings stage" because it " 'is a matter of evidence, and not pleading.' " City's brief in case nos. SC-2024-0649 and SC-2024-0651 at 49 and City's brief in case no. SC-2024-0652 at 48-49 (quoting <u>Statham v. Statham</u>, 211 So. 2d 456, 459 (Ala. 1968), and citing 31 <u>C.J.S.</u> Evidence § 6, p. 822).

[7]Sandifer also cites <u>Harris</u>, in addition to the Committee Comments to Rule 2.3, Ala. R. Crim. P., and § 15-7-1, Ala. Code 1975, in arguing that the complaint against him did not designate the proper public offense or any statute enumerating a crime, and he asserts that the complaint failed to contain a sufficient averment of "authorized ordination." However, Sandifer's argument appears to be related only to whether he was entitled to raise those objections in the circuit court. He does not develop any argument related to whether the Court of Criminal Appeals' decision, insofar as it held that the municipal-court complaints were sufficient, conflicts with any other precedent.

16

provide parenthetical citations to <u>Ex parte Woodson</u>, 578 So. 2d 1049 (Ala. 1991), <u>Bailey v. City of Ragland</u>, 136 So. 3d 498 (Ala. Crim. App. 2013), <u>Truman v. City of Enterprise</u>, 606 So. 2d 1151 (Ala. Crim. App. 1992), and <u>Ex parte Hall</u>, 843 So. 2d 746 (Ala. 2002), in arguing that the substance and adoption of the ordinance are material elements of a municipal offense that a city must plead and prove.

However, as the City points out, <u>Harris</u> and many of the other cases upon which the petitioners rely predate the adoption of Rule 13.2, which was "designed to simplify the pleading in criminal matters … and … eliminates the necessity of formal averments." Committee Comments to Rule 13.2. The Committee Comments explain that, along with Rule 13.5, Ala. R. Crim. P., Rule 13.2 "should work to eliminate most circumstances where the state is precluded from prosecuting a defendant due to a pleading technicality."

Further, the cases presented by the petitioners that were decided after the adoption of the Alabama Rules of Criminal Procedure (e.g., <u>Woodson</u>, <u>Bailey</u>, <u>Truman</u>, and <u>Hall</u>) each involved a city's failure to meet its burden of proof at trial by presenting evidence of the ordinance. Those cases do not address a municipality's pleading requirements, and they do

not support the proposition that the adoption of the municipal ordinance is a material element of the offense that must be pleaded in a municipal-court complaint. Accordingly, the Court of Criminal Appeals' holding on this point is correct.[8]

## Conclusion

The petitioners did not waive their arguments challenging the failure of the municipal-court complaints to state a charge by raising that defense for the first time in their de novo appeals in the circuit court, and they were not required to raise those challenges in pretrial motions in the municipal court. See Ex parte Sorsby and Rule 15.2. Nevertheless, the municipal-court complaints were sufficient under the Alabama Rules of Criminal Procedure, and, on that basis, we affirm the judgments of the Court of Criminal Appeals.

SC-2024-0648 -- AFFIRMED.

SC-2024-0649 -- AFFIRMED.

---

[8]Although Tanner, Fearn, and Barrett initially raised in their certiorari petitions the issue whether the Alabama Rules of Criminal Procedure abrogated the heightened pleading standards for municipalities, especially when coupled with a circuit court's inability to take judicial notice of certain municipal ordinances, as one of first impression before this Court, they have abandoned that argument in their appellate briefs.

SC-2024-0648; SC-2024-0649; SC-2024-0651; SC-2024-0652

SC-2024-0651 -- AFFIRMED.

SC-2024-0652 -- AFFIRMED.

Shaw, Wise, Bryan, Sellers, Mendheim, Cook, and Lewis, JJ., concur.

McCool, J., recuses himself.