PER CURIAM.
 

 In 2002, Steven Mills, an inmate housed at the Bibb Correctional Facility, filed a 42 U.S.C. § 1983 civil rights complaint against Odessa King. King, an employee of the Alabama Department of Corrections (“the DOC”), worked as a classification specialist at Bibb Correctional Facility. Mills’s complaint alleged that King has used false information to reclassify him as a sex offender. Mills sought a declaratory judgment, a temporary restraining order, and a permanent injunction preventing the DOC from classifying him as a sex offender. Additionally, he requested $100,000 in compensatory damages and $100,000 in punitive damages.
 

 On March 12, 2004, the DOC filed a motion for a summary judgment in the Montgomery Circuit Court. On March 25,
 
 *629
 
 2004, a hearing was held on the DOC’s motion. The DOC asserted that as a matter of law it was entitled to a summary-judgment in its favor. On March 31, 2004, the circuit court entered an order denying the DOC’s motion for a summary judgment. The circuit court found that because the only evidence offered by the DOC in support of Mills’s reclassification was the parole officer’s report, and, further, because Mills did not have the opportunity to confront or cross-examine his accuser, the DOC should not have classified Mills as a sex offender. Accordingly, the circuit court ordered that the classification of “sex offender” be stricken from Mills’s record. However, the court made no ruling on the additional relief sought by Mills in his complaint or the money damages requested by him. On May 7, 2004, Mills filed a notice of appeal to the Alabama Supreme Court. The Supreme Court appears to have transferred the case to the Court of Civil Appeals. Thereafter, it appears that the Court of Civil Appeals transferred the case back to the Supreme Court, where it remained until the Supreme Court transferred it to this Court, pursuant to its decision in
 
 Collins v. Alabama Department of Corrections,
 
 982 So.2d 1078 (Ala.2007).
 
 [1]
 

 Initially, wé note that the circuit court’s March 31, 2004, order did not dispose of Mills’s claim for $100,000 in compensatory damages or his claim for $100,000 in punitive damages. Rule 54(b), Ala.R.Civ.P.,
 
 [2]
 
 states:
 

 “When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Except where judgment is entered as to defendants who have been served pursuant to Rule 4(f), in the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.”
 

 In addressing the finality of judgments, the Alabama Court of Civil Appeals in
 
 McGill v. McGill,
 
 888 So.2d 502 (Ala.Civ.App.2004), stated:
 

 “The question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case.
 
 See Jim Walter Homes, Inc. v. Holman,
 
 373 So.2d 869, 871 (Ala.Civ.App.1979).
 

 “ ‘A final judgment is a terminative decision by a court of competent juris
 
 *630
 
 diction which demonstrates there has been complete adjudication of all matters in controversy between the litigants within the cognizance of that court. That is, it must be conclusive and certain in itself.... All matters should be decided; damages should be assessed with specificity leaving the parties with nothing to determine on their own.’
 

 “Jewell v. Jackson & Whitsitt Cotton Co.,
 
 331 So.2d 623, 625 (Ala.1976). Accordingly, this court, in
 
 Grubbs v. Grubbs,
 
 729 So.2d 346, 347 (Ala.Civ.App.1998), held that a divorce judgment was not final where the distribution of the personal property had not yet been completed by the trial court and that this court therefore could not ‘know all the circumstances’ of that particular case.”
 

 888 So.2d at 504. See also
 
 Blankenship v. Blankenship,
 
 963 So.2d 112, 114 (Ala.Civ.App.2007);
 
 Grubbs v. Grubbs,
 
 729 So.2d 346 (Ala.Civ.App.1998).
 

 Here, the circuit court did not dispose of the monetary claims
 
 nor did
 
 it certify its judgment as final. “The trial court did not, as permitted by Rule 54(b), Ala.R.Civ. P., expressly direct the entry of final judgment nor expressly determine that there was no just reason for delay. Consequently, the order is not a final order and will not support an appeal.”
 
 Simpson v. First Alabama Bank of Montgomery, N.A.,
 
 345 So.2d 292, 293 (Ala.1977). Thus, we have no final judgment to support an appeal; therefore, this appeal is due to be dismissed.
 

 APPEAL DISMISSED.
 

 BASCHAB, P.J., and McMILLAN, SHAW, WISE, and WELCH, JJ., concur.
 

 [1]
 

 . In
 
 Coll'ms,
 
 the Supreme Court held that an appeal from the grant or denial of a petition for a writ of certiorari challenging an inmate's custody classification would be properly within the jurisdiction of this Court. However, in this case Mills did not file a writ of certiorari challenging his custody classification; instead, he chose to file a § 1983 action against King requesting injunctive and monetary relief. Given this Court's decision in
 
 Looney v. State,
 
 881 So.2d 1061 (Ala.Crim.App.2002), we question whether we have jurisdiction to consider this case.
 

 [2]
 

 . Regardless of whether this is a petition for a writ of certiorari or a civil action, it is governed by the Alabama Rules of Civil Procedure. See Rule 81(a)(19), Ala.R.Civ.P.