On Application for Rehearing
 

 STUART, Justice.
 

 This Court’s opinion of January 23, 2009, is withdrawn, and the following is substituted therefor.
 

 
 *771
 
 This Court granted Michael David Car-ruth’s petition for a writ of certiorari to review the judgment of the Court of Criminal Appeals reversing the circuit court’s judgment granting him an “out-of-time” petition for a writ of certiorari to this Court. We quash the writ.
 

 Procedural History
 

 In October 2003, Michael David Carruth was convicted of four counts of capital murder for the intentional killing of William Brett Bowyer, who was less than 14 years of age.
 
 [1]
 
 He was also convicted of the attempted murder of Bowyer’s father, of first-degree robbery, and of first-degree burglary. The trial court sentenced Car-ruth to death for the capital-murder convictions. It also sentenced him to life in prison for the convictions for attempted murder, first-degree robbery, and first-degree burglary. The Court of Criminal Appeals affirmed Carruth’s capital-murder convictions and the corresponding death sentence and his attempted-murder conviction and the corresponding sentence to life imprisonment, but it reversed his convictions for first-degree robbery and first-degree burglary. See
 
 Carruth v. State,
 
 927 So.2d 866 (Ala.Crim.App.2005). Car-ruth’s counsel filed an application for a rehearing with the Court of Criminal Appeals, which was overruled. Carruth’s counsel did not file a petition for a writ of certiorari seeldng this Court’s review of the decision of the Court of Criminal Appeals affirming Carruth’s capital-murder convictions and death sentence.
 

 In October 2006, Carruth filed in the circuit court a Rule 32, Ala. R.Crim. P., petition requesting that he be allowed to file an out-of-time petition for a writ of certiorari in the Alabama Supreme Court. Carruth based his request for relief on Rule 32.1(a), Ala. R.Crim. P., because, he said, his appellate counsel was ineffective for failing to file a petition for a writ of certiorari in the Alabama Supreme Court, and on Rule 32.1(f), Ala. R.Crim. P., because, he said, his failure to “appeal” the decision of the Court of Criminal Appeals to this Court was through no fault of his own. According to Carruth, his appellate counsel was ineffective because counsel did not petition this Court for certiorari review of the decision of the Court of Criminal Appeals. The circuit court entered an order granting Carruth permission to file an out-of-time petition for a writ of certiorari in this Court. The State appealed the circuit court’s order to the Court of to the Criminal Appeals.
 

 The Court of Criminal Appeals held that the circuit court erred in granting Carruth permission to file an out-of-time petition for a writ of certiorari in this Court. The Court of Criminal Appeals held that Car-ruth had not been denied effective assistance of appellate counsel because Carruth was not entitled to counsel on a discretionary appeal to this Court. The Court of Criminal Appeals further held that the plain language of Rule 32.1(f), Ala. R.Crim. P., did not provide a mechanism for granting Carruth permission to file an out-of-time petition for a writ of certiorari in the Alabama Supreme Court. See
 
 State v. Carruth,
 
 21 So.3d 764 (Ala.Crim.App. 2008). Carruth then petitioned this Court for a writ of certiorari to review of the decision of the Court of Criminal Appeals; we granted the writ.
 

 
 *772
 

 Standard of Review
 

 “ ‘[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, the court’s review in a Rule 32 proceeding is de novo.’
 
 Ex paite White,
 
 792 So.2d 1097, 1098 (Ala. 2001).”
 
 Ex parte Clemons,
 
 [Ms. 1041915, May 4, 2007] — So.3d —, — (Ala. 2007).
 

 Analysis
 

 The underlying and determinative issue in this case is whether a Rule 32, Ala. R.Crim. P., petition is the proper method for obtaining permission to file an out-of-time petition for a writ of certiorari to this Court in a criminal case in which the petitioner has been sentenced to death.
 

 Rule 2(b), Ala. R.App. P., provides:
 

 “(b) Suspension of Rules. In the interest of expediting decision, or for other good cause shown, an appellate court may suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction; provided, however, an appellate court may not extend the time for taking an appeal, as provided in Rule 4(a)(1); and the supreme court may not extend the time for filing a petition for certiorari to the courts of appeal as provided in Rule 39(b); provided, however, that
 
 the supreme comt may extend the time for filing a petition for certiorari in a criminal case in which the death penalty was imposed as punishment.”
 

 (Emphasis added.)
 

 Thus, for a defendant who is sentenced to death and who failed to timely file a petition in this Court for a writ of certiora-ri to review the decision of the Court of Criminal Appeals, the proper means to request permission to file an out-of-time petition is to make the request in a Rule 2(b), Ala. R.App. P., motion in this Court and not in a Rule 32 petition in the trial court. Indeed, Carruth filed a Rule 2(b), Ala. R.App. P., motion in this Court, and it was denied by order on February 28, 2008. A Rule 32 petition simply cannot provide the relief requested by Carruth; therefore, this writ is quashed.
 
 [2]
 

 APPLICATION OVERRULED; OPINION OF JANUARY 23, 2009, WITHDRAWN; OPINION SUBSTITUTED; WRIT QUASHED.
 

 LYONS, WOODALL, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
 

 COBB, C.J., and SHAW, J.,
 
 *
 
 recuse themselves.
 

 [1]
 

 . The murder was made capital because the murder was committed during the course of a kidnapping, see § 13A — 5—40(a)( 1), Ala.Code 1975; during the course of a robbery, see § 13A-5-40(a)(2), Ala.Code 1975; and during the course of a burglary, see § 13A-5-40(a)(40), Ala.Code 1975; and because the victim was less than 14 years of age, see § 13A-5-40(a)(15), Ala.Code 1975.
 

 [2]
 

 . Carruth raised several grounds in his petition for certiorari review; however, because of our resolution of this issue, we pretermit discussion of the other grounds presented by Carruth.