WISE, Presiding Judge.
On March 10, 2000, George Martin was convicted of capital murder in connection with the murder of his wife, Hammoleketh Jackson Martin. The murder was made capital because he committed it for pecuniary gain. See § 13A-5-40(a)(7), Ala. Code 1975. By a vote of 8-4, the jury recommended that Martin be sentenced to imprisonment for life without the possibility of parole. On July 25, 2000, the trial court overrode the jury’s recommendation and sentenced him to death.
This court affirmed Martin’s conviction and sentence. See Martin v. State, 931 So.2d 736 (Ala.Crim.App.2003). The Alabama Supreme Court affirmed his conviction, but reversed our judgment as to the sentence of death and remanded the case to this court to allow the trial court to review its override of the jury’s sentencing recommendation because it did not treat the jury’s sentencing recommendation as a mitigating factor as required by Ex parte Carroll, 852 So.2d 833 (Ala.2002). See Ex parte Martin, 931 So.2d 759 (Ala.2004). On April 29, 2005, we reversed the trial court’s judgment as to sentence and remanded the case for the trial court to enter a new sentencing order in which it took into consideration the supreme court’s decision in Ex parte Carroll. See Martin v. State, 931 So.2d 774 (Ala.Crim.App. *711 2005). On remand, the trial court again overrode the jury’s recommendation and sentenced Martin to death. We affirmed the trial court’s judgment as to sentence on return to remand. See Martin v. State, 931 So.2d 774 (Ala.Crim.App.2005) (opinion on return to remand). Martin did not file an application for a rehearing in this court or a petition for a writ of certiorari in the Alabama Supreme Court. This court issued a certificate of judgment on December 12, 2005.
On May 5, 2006, Martin filed a Rule 32 petition, challenging his conviction, and he subsequently amended his petition. After the State responded, the circuit court conducted an evidentiary hearing and entered the following order:
“ ‘When the Court of Criminal Appeals has affirmed, a sentence imposing the death penalty, counsel who represented the appellant on the appeal to the Court of Criminal Appeals or successor counsel shall prepare and file in the Supreme Court a petition for a writ of certiorari for review of the decision of the Court of Criminal Appeals.... ’ Rule 39(a)(2)[, Ala. R.App. P.] (emphasis supplied)
‘“The filing of an application for rehearing in the Court of Criminal Appeals is a prerequisite to review by certiorari in the Supreme Court, ... ’ Rule 39(c)(l)[, Ala. R.App. P.]

“ISSUE

“The issue before the trial court in this Rule 32 proceeding is whether the Defendant, George Martin’s claim of ineffective assistance of counsel can entitle the Defendant to an out-of-time filing for an application for rehearing in the Court of Criminal Appeals and ultimately a petition for a writ of certiorari in The Alabama Supreme Court where, as here, appointed successor appellate counsel for the indigent defendant, George Martin, omitted filing an application for rehearing in the Court of Criminal Appeals after the Court of Criminals Appeals affirmed, on return to remand, the new sentencing order imposing the death penalty.

“RESOLUTION

“It is the opinion of this trial court pursuant to Rule 32.1 of the Alabama Rules of Criminal Procedure, that it has the authority to allow the filing of an out-of-time application for rehearing in the Court of Criminal Appeals as being the proper method ‘... to secure appropriate relief on the ground that:
“ ‘(a) The Constitution of the United States or the State of Alabama requires a new trial, a new sentence proceeding, or other relief.’ 32.1(a) Alabama Rules of Criminal Procedure, (emphasis supplied)
“This Court is not necessarily proceeding under Rule 32.1(f) in fashioning the ‘appropriate relief.’ Rule 32.1(f) provides that the Court can allow an out-of-time ‘appeal’ from the conviction or sentence where failure to appeal was without fault on the petitioner’s part. To the extent that the word ‘appeal’ as used in Rule 32.1(f) does not include an application for rehearing, this court relies upon 32.1(a) for the granted ‘appropriate relief.’

“RATIONALE

“This Court is aware of the Court of Criminal Appeals decision in the case of State of Alabama v. Carruth (CR-06-1967) released on May 30, 2008, which held, among other things, the following:
“ ‘For the above-stated reasons, the circuit court erred in granting the ap-pellee permission to file an out-of-time *712 petition for a writ of certiorari in the Alabama Supreme Court. Accordingly, we reverse the Court’s Order and remand this case for proceedings that are consistent with this opinion.’
“What was not discussed in the Car-ruth decision is Rule 39(a)(2)[, Ala. R.App. P.] Nor does the Carruth decision discuss Section 15-12-22, Code of Alabama 1975, as amended, which provides a legislatively created right in all criminal cases for an indigent defendant to receive an appointed counsel on appeal and all levels of State judicial review. Section 15-12-22 provides for payment for services by appointed counsel, to be approved by the appellate court for ‘the appeal and ... any subsequent petition for certiorari’ 15-12-22(d)(1) and (2). The Legislature has also provided for the indigent defendant to have his appointed counsel paid ‘... for all services rendered after the Court of Criminal Appeals overrules the application for rehearing....’3

“United States Supreme Court Decisions

“A. It is uncontroverted that the United States Supreme Court has held that the Fourteenth Amendment to the Constitution of the United States of America does not require a State to provide to a criminal defendant an appellate procedure beyond the first appeal in the State Court system. Neither does the Fourteenth Amendment require a State to provide an indigent defendant with counsel to perfect post first appeal review procedures. However, that does not end the analysis under the Fourteenth Amendment and the Due Process provision of the Alabama State Constitution. Article 1, § 6 Constitution of Alabama 1901. There are two cases which bear heavily on the issue set out above. They are Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), and Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).

“Ross v. Moffitt

“In Ross v. Moffitt the United States Supreme Court held that an indigent defendant who had petitioned for court appointed counsel to prepare a petition for a writ of certiorari to the North Carolina Supreme Court was not entitled to a free lawyer for discretionary review through a petition for a writ of certiorari. In reviewing the North Carolina statute concerning appointed counsel, the U.S. Supreme Court stated as follows:
“ ‘These provisions, although perhaps on their face broad enough to cover appointments such as those respondents sought here, have generally been construed to limit the right to appointed counsel on criminal cases to direct appeals as of right. Thus, North Carolina has followed the mandate of Douglas v. California, supra, and authorized counsel for a convicted defendant appealing to the intermediate Court of Appeals, but has not gone beyond Douglas to provide for appointment of counsel for a defendant who seeks either discretionary review in the Supreme Court of North Carolina or a writ of certiorari here.’ 417 U.S. at 614.
“The opinion in Ross v. Moffitt concludes with this paragraph:
“ ‘We do not mean by this opinion in any way to discourage those States which have, as a matter of legislative choice, made counsel available to convicted defendants at all stages of judicial review. Some States, which might well choose to do so as a matter of legislative policy, may conceivably *713 find that other claims for public funds within or without the justice system preclude the implementation of such a policy at the present time. North Carolina, for example, while it does not provide counsel to indigent defendants seeking discretionary review on appeal, does provide counsel for indigent prisoners in several different situations where such appointments are not required by any constitutional decision of this Court. Our reading of the Fourteenth Amendment leaves these choices to the State, and respondent was denied no rights secured by the Federal Constitution when North Carolina refused to provide counsel to aid him in obtaining discretionary appellate review.’ 417 U.S. at 618, 619. “However, Alabama’s statutory
scheme for providing indigent prisoners with counsel does provide for the payment of counsel through not only the first appeal of right, but also the application for rehearing in the Court of Criminal Appeals, the filing of the petition for a writ of certiorari with the Alabama Supreme Court and if granted, payment of counsel for handling the petition for a writ of certiorari before the Supreme Court of Alabama. Thus, Alabama, unlike North Carolina, ‘... as a matter of legislative choice, [has] made counsel available to convicted defendants at all stages of judicial review.’ Ross v. Mof-fitt, supra, and see § 15-12-22 Code of Alabama 1975, as amended.
“What is lacking from the Ross v. Mojfitt decision is a discussion on what happens when the indigent prisoner receives ineffective assistance of appointed counsel at the discretionary review level under a legislatively created system which provides appointed appellate counsel and mandates that in affirmed death penalty cases that counsel prepare and file a petition for a writ of certiorari with the Alabama Supreme Court. It is important to note here that the Alabama Rules of Appellate Procedure have made certain actions of appointed counsel mandatory after a post-Court of Criminal Appeals decision affirming the death penalty.
“In the year 2000, the Alabama Supreme Court amended Rule 39 of the Alabama Rules of Appellate Procedure to make the granting of a petition for a writ of certiorari in a death penalty case a matter of judicial discretion and no longer a matter of right. However, while it is a matter of judicial discretion as to whether the ‘cert’ door will be opened, it is mandatory that appellate counsel for the death defendant knock at the door. ‘When the Court of Criminal Appeals has affirmed a sentence imposing the death penalty, counsel who represented the appellant on the appeal to the Court of Criminal Appeals or successor counsel SHALL prepare and file with the Supreme Court a petition for a writ of certiorari for review of the decision of the Court of Criminal Appeals. Rule 39(a)(2) ARAP (emphasis supplied).
“As demonstrated in the first appeal taken by Martin’s counsel after the trial Judge overrode the Jury’s verdict of Life without parole, the Alabama Supreme Court, operating under the discretionary review standard, answered the knock on the door and granted cer-tiorari review. In so doing it reversed the Court of Criminal Appeals and the trial court, and required a new sentencing order be prepared by the trial Judge. On the second appeal to the Court of Criminal Appeals or the ‘return to remand’, the Court of Criminal Appeals affirmed the new sentence imposing the death penalty. The obligation was then on appellate counsel or successor to file the petition for a writ of *714 certiorari with the Supreme Court of Alabama. The language of Rule 39 concerning the filing of the Petition is mandatory. Further, at the hearing held on the Rule 32 petition regarding ineffective assistance of appellate counsel, it is clear that the Defendant Martin wanted his case to proceed after the Court of Criminal Appeals affirmed his death penalty for the second time. Martin described his intention, albeit inaccurately, in a letter to counsel as wanting filed a petition for a writ of certiorari with the United States Supreme Court, rather than the Alabama Supreme Court. It was up to appointed appellate counsel or his successor to direct this review to the appropriate Court, by filing an application for rehearing in the Court of Criminal Appeals as a prerequisite to certiorari in the Supreme Court of Alabama.

“Evitts v. Lucey

“The United States Supreme Court held in Evittes v. Lucey, supra, that a criminal defendant is entitled to effective assistance of counsel on the first appeal as of right. In Evitts, Kentucky provided for an appeal to the Court of Appeals of Kentucky. However, technical rules required the filing of a ‘statement of appeal’ with the appeal. This was not done in this first appeal of right and the appeal was dismissed. The State of Kentucky contended that the appeal provided by the State of Kentucky was a ‘conditional’ appeal and therefore, the case of Douglas v. California, 372 U.S. 353 (1963), did not apply. The only issue before the Court was whether the State Court’s action in dismissing the prisoner’s appeal violated the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States. The Court in Evitts v. Lucey stated:
“ ‘Nonetheless, if a State has created appellate courts as “an integral part of the ... system for finally adjudicating the guilt or innocence of a defendant,” (cite omitted), the procedures used in deciding appeals must comport with the commands of the Due Process and Equal Protection Clauses of the Constitution.’ 469 U.S. at 393.
“The Court also reiterated the Douglas requirement that ‘... a State that affords a right of appeal to make that appeal more than a “meaningless ritual” by supplying an indigent appellant in a criminal case with an attorney.’ (Cite omitted).
“The Court, by way of footnote, stated that Ross v. Mojfitt, supra, held that considerations governing a discretionary appeal were somewhat different and then followed:
“‘Of course, the right to effective assistance of counsel is dependent on the right to counsel itself.’ 469 at U.S. at 397 fn. 7
“The Evitts v. Lucey Court reviewed the State of Kentucky’s argument that Kentucky need not establish a system of appeals and that it would be immune from all constitutional scrutiny if it chose to have such a system and that the appeal to the Kentucky Court of Appeals was a ‘conditional appeal’ rather than as an appeal of right thereby again avoiding constitutional scrutiny. Rejecting this theory, the Supreme Court noted:
“ ‘The right to appeal would be unique among state actions if it could be withdrawn without consideration of applicable due process norms. For instance, although a State may choose whether it will institute any given welfare program, it must operate whatev *715 er programs it does establish subject to the protections of the Due Process Clause. (Cite omitted.) Similarly, a State has great discretion in setting policies governing parole decisions, but it must nonetheless make those decisions in accord with Due Process Clause. (Cite omitted). In short, when a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the Constitution, and, in particular, in accord with the Due Process Clause. 469 U.S. at 401. (emphasis supplied)
“The Evitts v. Lucey case concluded that criminal appellants are entitled to effective assistance of counsel under both the ‘Equal Protection’ and the ‘Due Process’ Clauses when involved in appeals of right. The Alabama Supreme Court has made the ultimate review by certiorari a discretionary matter. What the Alabama Supreme Court has retained in post amendment Rule 39 is the mandate that counsel SHALL file a petition for a writ of certiorari when the Court of Criminal Appeals has affirmed a sentence imposing the death penalty. The Supreme Court of Alabama additionally requires that the filing of an application for rehearing in the Court of Criminal Appeals is a prerequisite to the review by certiorari which is mandated at Rule 39(a)(2). The failure to file the application for rehearing and the subsequent failure to file a petition for a writ of certiorari review by counsel constitutes ineffective assistance of counsel at this appellate level. For discussion of these issues see Kargus v. State of Kansas, 169 P.3d 307 (Oct. 15, 2007), and the discussion therein of Roe v. Flores-Ortega, 528 U.S. 470 (2000). (Omitting an essential step in the appellate process is in and of itself ineffective assistance of counsel).
“The above discussion does not conflict with the Alabama Legislature’s statutes concerning appellate review of death sentences contained in Section 13A-5-53 Code of Alabama 1975 as Amended. This section of the Code of Alabama was enacted in 1981 when review by petition for a writ of certiorari to the Court of Criminal Appeals was a matter of right under Rule 39[, Ala. R.App. P.] The 2000 Amendment to Rule 39 making the review discretionary, but still retaining the mandatory filing of the petition by appellate counsel in death penalty cases, has not brought forth any amendment by the Legislature to Section 13A-5-53. For instance, the following is found several times in the appellate review of death sentences statute:
“ ‘In any case in which the death penalty is imposed, in addition to reviewing the case for any error involving the conviction, the Alabama Court of Criminal Appeals, subject to review by the Alabama Supreme Court, shall also review the propriety of the death sentence. Section 13A-5-53(a)
“ ‘In determining whether death was the proper sentence in the case, the Alabama Court of Criminal Appeals, subject to review by the Alabama Supreme Court, shall determine ... Section 13A-5-53(b)
“ ‘After performing the review specified in this Section, the Alabama Court of Criminal Appeals, subject to review by the Alabama Supreme Court, shall be authorized to ...’ 13-5 — 53(d). (emphasis supplied in all subsections quoted)
“As stated above the review now provided by the Alabama Supreme Court of a death sentence is a discretionary re *716 view. However, the FILING of the cer-tiorari petition is not discretionary and puts an affirmative duty on appellate counsel or his or her successor to file the petition. Implicit in this filing Rule is that counsel shall have complied with the prerequisite to the filing, i.e., the filing of an application for rehearing in the Court of Criminal Appeals, once that court affirmed the death penalty. Short of the criminal defendant requesting his lawyers to end the appellate process, the duty upon appellate counsel is to proceed and the failure or omission to do so is ineffective assistance of counsel.
“Alternatively, the Alabama Supreme Court never lost jurisdiction of this case because its initial granting of the original petition for a writ of certiorari to the Court of Criminal Appeals involved a record remand and not a case remand and the Alabama Supreme Court still retains jurisdiction to review on a return to remand to the Alabama Supreme Court the question of whether the trial court and the Alabama Court of Criminal Appeals followed its earlier remand directives on.
“THEREFORE, it is ORDERED, ADJUDGED, and DECREED, that notwithstanding the Court of Criminal Appeals opinion in Alabama v. Carruih, (CR-06-1967), the Defendant, George Martin, is entitled to file an out of time application for rehearing with the Alabama Court of Criminal Appeals and a timely petition for a writ of certiorari with the Alabama Supreme Court if the Alabama Court of Criminal Appeals denies the application for rehearing.
“All other Rule 32 issues are reserved by this Court and shall be addressed subsequent to the ruling by the Alabama Court of Criminal Appeals and/or the Alabama Supreme Court.
“The implementation of this Order is stayed in order to allow the State of Alabama to appeal the decision of this Court or to file a petition for mandamus to review this matter with the appropriate Court. If no appeal or petition for mandamus is filed within FORTY-TWO (42) DAYS from the date of this order, then counsel for the Defendant, Martin, shall be allowed FOURTEEN (14) DAYS from the expiration of the appeal time to file an application for rehearing with the Alabama Court of Criminal Appeals, and, if necessary, a petition for a writ of certiorari with the Alabama Supreme Court to review the sole issue of the appropriateness of the Martin death penalty.
“3 In the case of George Martin, the appellate courts have paid counsel or successor counsel for all activities concerning the judicial review up through and including the opinion rendered on the return to remand. Once a defendant is determined to be indigent, the appellate courts do not determine whether a defendant is worthy of having an appointed counsel, but only the reasonableness of the charges. Thus, there is a legislative right in the State of Alabama, for an indigent defendant to receive appointed counsel at all levels of judicial review. Since the State of Alabama has voluntarily undertaken to provide indigents with counsel at all levels of judicial review, it would stand reason on its head to only require effective assistance of counsel through the appeal (not the application for rehearing) at the Court of Criminal Appeals level. It would be a ‘meaningless ritual’ to only provide effective assistance of counsel through the first appeal. Failure to have effective counsel represent indigent defendants at the application for rehearing level and the subsequently mandated *717 preparing and filing of a petition for a writ of certiorari in affirmed death sentence cases, implicates the Due Process Clause and Equal Protection Clause of the United States Constitution and the Due Process Clause of the Alabama Constitution. Where, as in Alabama, an indigent Defendant has a legislative right to appointed counsel, he has a right to effective assistance of counsel.”
(C.R. 1104-20.) This appeal by the State followed.
The State raises several issues in its brief to this court, including an argument that the circuit court erred in finding that his counsel rendered ineffective assistance on direct appeal. However, as a threshold issue, we must first determine whether the circuit court’s order constitutes a final judgment or ruling that would support an appeal to this court.
At first blush, it does not appear that the circuit court’s order is a final judgment or ruling that would support an appeal to this court. However, a further examination of the record and similar cases supports a different conclusion.
During the evidentiary hearing regarding this matter, the circuit court acknowledged its understanding that the State would appeal its ruling. Also, in its order on the petition, the circuit court specifically stated:
“All other Rule 32 issues are reserved by this Court and shall be addressed subsequent to the ruling by the Alabama Court of Criminal Appeals and/or the Alabama Supreme Court.”
(C.R. 1119.) Although the circuit court did not rule on every issue Martin presented in his Rule 32 petition, it clearly evidenced an intent that its decision would be a final judgment or ruling that would support an appeal to this court. Cf Rule 54(b), Ala. R. Civ. P. (allowing a trial court to direct the entry of a final judgment as to one or more but fewer than all of the claims or parties to a civil action). But see King v. Mills, 10 So.3d 628, 630 (Ala.Crim.App.2008) (holding that there was not a final judgment that would support an appeal where “the circuit court did not dispose of the monetary claims nor did it certify its judgment as final” (emphasis added)).
Further, in Prestwood v. State, 915 So.2d 580, 582-83 (Ala.Crim.App.2005), we addressed a similar situation as follows:
“The State argues that the circuit court’s denial of the appellant’s petition for reconsideration of his sentences is not an appealable order. However, in Kirby[ v. State, 899 So.2d 968 (Ala.2004) ], when it reversed this court’s order dismissing Kirby’s appeal, the Alabama Supreme Court implied that such orders are appealable. Further, in Alabama Department of Mental Health & Mental Retardation v. State, 873 So.2d 1176, 1177-78 (Ala.Crim.App.2003), we noted:
“ ‘There is no right to appeal granted in the Alabama Constitution of 1901. This Court’s appellate jurisdiction is prescribed in § 12-3-9, Ala. Code 1975, which states:
“ ‘ “The Court of Criminal Appeals shall have exclusive appellate jurisdiction of all misdemeanors, including the violation of town and city ordinances, habeas corpus and all felonies, including all post conviction writs in criminal cases.”
“‘Amend. No. 328, § 6.03(a), Ala. Const.1901, also states that this Court shall “exercise” its appellate jurisdiction “under such terms and conditions as shall be provided by law and by rules of the Supreme Court.”
“ ‘As we recently stated in Dixon v. City of Mobile, 859 So.2d 462, 463 (Ala.Crim.App.2003):
*718 “ ‘ “ ‘The right of appeal is wholly statutory and is authorized in criminal cases from a judgment of conviction.’ McCray v. State, 46 Ala.App. 588, 589, 246 So.2d 475, 476 (Ala.Crim.App.1971). ‘Appeals lie only from judgments of conviction, and then only on those counts upon which there is a finding of guilt.’ Thornton v. State, 390 So.2d 1093, 1096 (Ala.Crim.App.1980). ‘An appeal cannot be taken from an order subsequent to the judgment of conviction unless authorized by statute.’ Harris v. State, 44 Ala.App. 632, 632, 218 So.2d 285, 286 (1969).” ’
“(Footnote omitted.) Once a conviction has been obtained and a corresponding sentence has been imposed, the convicted defendant may appeal the conviction and sentence to this court. As we explain in Part I of this opinion, a § 13A-5-9.1 motion involves reopening an existing case, in which there has been a conviction and sentence, for possible re-sentencing. Logically, then, any order either granting or denying a request for reconsideration of a sentence would be appealable.”
The circuit court’s ruling in this case would, in effect, extend the proceedings on Martin’s direct appeal from his conviction and sentence. Logically then, and for purposes of judicial economy, it would be better to complete all proceedings associated with the direct appeal before delving further into Rule 32 post-conviction issues.
Finally, the order in this case is not materially distinguishable from the order that was appealed in State v. Carruth, 21 So.3d 764 (Ala.Crim.App.2008). As we explained in our opinion in Carruth:
“On October 25, 2006, the appellee filed a Rule 32 petition, challenging his convictions and sentences. He also sought ‘an out-of-time appeal to the Alabama Supreme Court’ based on allegations that he did not appeal through no fault of his own, see Rule 32.1(f), Ala. R.Crim. P., and that his counsel rendered ineffective assistance because he did not petition the Alabama Supreme Court for certiorari review. (C.R. 5.) After the State responded, the circuit court entered an order in which it stated:
“ ‘To the extent this court has jurisdiction, Petitioner, Michael David Car-ruth is granted permission to file an Out of Time Petition for Writ of Cer-tiorari to the Alabama Supreme Court.
“ ‘All Rule 32 issues are reserved by this court and shall be addressed subsequent to ruling by the Supreme Court of Alabama on Petitioner, Michael David Carruth’s “Petition for Writ of Certiorari.” ’
“(C.R. 162.) This appeal by the State followed.”
21 So.3d at 765. Both this court and the Alabama Supreme Court addressed the order in Carruth as if it were a final judgment that would support an appeal. “The appellate courts of Alabama have a duty to notice jurisdictional defects ex mero motu. See State v. Isbell, 955 So.2d 476 (Ala.Crim.App.2006).” State v. Crittenden, 17 So.3d 253, 259 (Ala.Crim.App.2009). See also Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987) (holding that “jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu”). Also, “the sufficiency of a decree to support an appeal is jurisdictional.” Vacalis v. Lowry, 279 Ala. 264, 265-66, 184 So.2d 345, 346 (1966). Compare Waiters v. Autry Greer & Sons, Inc., 784 So.2d 1068, 1070 (Ala.Civ.App.2000) (noting that “ ‘[t]he question whether a judgment is final is jurisdictional, and *719 the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case on its own motion.’ Powell v. Powell, 718 So.2d 80 (Ala.Civ.App.1998).”). Finally, “[a] nonfinal judgment will not support an appeal.” Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So.2d 354, 863 (Ala.2004). Therefore, if the order in Carruth had not been a final judgment that would have supported an appeal, this court and the Alabama Supreme Court would have been obligated to notice that defect and dismiss the appeal.
For these reasons, we conclude that the circuit court’s order constitutes a final judgment or ruling that supports an appeal to this court.
We must also determine whether filing a Rule 32 petition was the proper method for Martin to pursue the relief requested and whether the circuit court had the authority to grant Martin permission to file an out-of-time application for a rehearing with this court and a timely petition for a writ of certiorari with the Alabama Supreme Court. We addressed a similar situation in Carruth, 21 So.3d at 765-70, as follows:
“The State argues that the circuit court erred in granting the appellee permission to file an out-of-time petition for a writ of certiorari in the Alabama Supreme Court. For the reasons set forth herein, we agree.
“With regard to petitions for writs of certiorari, Rule 39(a), Ala. R.App. P., provides, in pertinent part:
“ ‘Certiorari review is not a matter of right, but of judicial discretion. A petition for a writ of certiorari will be granted only when there are special and important reasons for the issuance of the writ.’
“(Emphasis added.) The ‘Court Comment to Amendment to Rule 39 Effective May 19, 2000, as to death-penalty cases and August 1, 2000, as to all other cases’ states, in pertinent part:
“ ‘The amendment changes the standard for certiorari review of criminal cases in which the death penalty is imposed. For provisions relating to death-penalty cases, see subsection (a)(2)(A)-(E). The amendment removes the provision in the former Rule 39(e) that provided that a petition for a writ of certiorari to the Supreme Court in a case in which the death penalty was imposed would be granted as a matter of right. With this amendment, review of death-penalty cases will be at the discretion of the Supreme Court. The Supreme Court retains the authority to notice any plain error or defect in the proceedings under review in those cases. In a death-penalty case, the petitioner must concisely state the grounds when review is sought based on a failure to recognize as prejudicial any plain error or defect. That statement must include a description of the issue and circumstances warranting plain-error review. The Supreme Court retains the authority to enlarge the time for filing a petition for a writ of certiorari in a death-penalty ease. Lastly, the Supreme Court may notice any plain error or defect in the proceedings under review, whether or not brought to the attention of the trial court or the Court of Criminal Appeals, but it is not required to do so.’
“(Emphasis added.)
“A.
“The State argues that Rule 32.1(f), Ala. R.Crim. P., did not provide a valid basis for granting his requested relief. In Elliott v. State, 768 So.2d 422 (Ala.Crim.App.1999), citing a previous ver *720 sion of Rule 32.1(f), Ala. R.Crim. P., the circuit court granted Elliott permission to file an- out-of-time application for a rehearing in this court. We struck the out-of-time application for a rehearing, stating:
“ ‘Rule 32.1(f), Ala. R.Crim. P., does not entitle Elliott to the relief the circuit court granted. Rule 32.1 states, in pertinent part:
“ ‘ “Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute relief on the ground that:
[[Image here]]
“ ‘ “(f) The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner’s part.”
“ ‘It is clear from the wording of this rule that it applies only to situations where the notice of appeal is untimely. This rule makes no mention of, and indeed it has no bearing on, applications for rehearing. The ramifications of a trial court’s ruling granting an out-of-time application for rehearing are too numerous to comprehend. It is safe to assume that such a ruling would impact the finality of criminal judgments. We write only to foreclose other postconviction petitions that make this identical allegation.’
“Elliott, 768 So.2d at 423.
“Rule 32.1, Ada. R.Crim. P., currently provides, in pertinent part:
“ ‘Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief on the ground that:
[[Image here]]
“ ‘(f) The petitioner failed to appeal within the prescribed time from the conviction or sentence itself or from the dismissal or denial of a petition previously filed pursuant to this rule and that failure was without fault on the petitioner’s part.’
“(Emphasis added.) Although Rule 32.1(f), Ala. R.Crim. P., has been amended to include out-of-time appeals from rulings on Rule 32 petitions, our reasoning in Elliott remains valid. By its plain language, Rule 32.1(f), Ala. R.Crim. P., applies only in situations where the notice of appeal from a conviction and sentence or from a dismissal or denial of a Rule 32 petition is untimely. It does not mention and does not have any application to petitions for writs of certio-rari in the Alabama Supreme Court. Accordingly, Rule 32.1(f), Ala. R.Crim. P., did not support the granting of permission for the appellee to file an out-of-time petition for a writ of certiorari in the Alabama Supreme Court.
“B.
“The State also argues that the appel-lee’s contention that his counsel rendered ineffective assistance on direct appeal because he did not file a petition for a writ of certiorari in the Alabama Supreme Court was not a valid basis for granting his requested relief. We addressed a similar situation in Birdsong v. State, 929 So.2d 1027, 1028-29 (Ala.Crim.App.2005), as follows:
“ ‘Birdsong contends that his appellate counsel was ineffective for not pursuing certiorari review with the Alabama Supreme Court of this Court’s affirmance of his convictions and sentences. However, it is well settled that a defendant is not entitled to counsel on a discretionary appeal to the Alabama Supreme Court. See *721 Jackson v. State, 612 So.2d 1356 (Ala.Crim.App.1992), and Cunningham v. State, 611 So.2d 510 (Ala.Crim.App.1992). Therefore, Birdsong could not be denied the effective assistance of counsel as a result of his appellate counsel’s not seeking certiorari review, and the circuit court properly denied this allegation of ineffective assistance of appellate counsel.’
“Also, in Jenkins v. State, 972 So.2d 111, 124-27 (Ala.Crim.App.2004), aff'd in relevant part, rev’d on other grounds, 972 So.2d 159 (Ala.2005), a death penalty case, we held:
“ ‘The United States Supreme Court in Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), “held that denial of counsel to indigents on first appeal as of right amounted to unconstitutional discrimination against the poor.” Pennsylvania v. Finley, 481 U.S. 551, 554, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). The Douglas Court also noted, “We are not here concerned with problems that might arise from the denial of counsel for the preparation of a petition for discretionary or mandatory review beyond the stage in the appellate process at which the claims have once been presented by a lawyer and passed upon by an appellate court.” 372 U.S. at 356, 83 S.Ct. 814. The United States Court of Appeals for the Eleventh Circuit, in Williams v. Turpin, 87 F.3d 1204, 1209 (11th Cir.1996), aptly stated the rationale behind the Douglas holding:
“ ‘ “The right to effective assistance of counsel during the first appeal attaches because once a state has created a right of appeal, the state must ensure that all persons have an equal opportunity to enjoy the right. [Douglas v. California, 372 U.S. 353,] at 356-57, 83 S.Ct. [814] at 816 [ (1963) ]. However, ‘once a defendant’s claims of error are organized and presented in a lawyer-like fashion’ during the first appeal as of right, the obligation of ensuring equal access to the court system is no longer constitutionally required. Ross v. Moffitt, 417 U.S. 600, 615-16, 94 S.Ct. 2437, 2446-47, 41 L.Ed.2d 341 (1974). ‘The duty of the State ... is not to duplicate the legal arsenal that may be privately retained by a criminal defendant in a continuing effort to reverse his conviction, but only to assure the indigent defendant an adequate opportunity to present his claims fairly in the context of the State’s appellate process.’ Id.”
“ “We have consistently followed the Douglas holding and concluded that the right to counsel does not extend beyond the first appeal as of right. See State v. Tarver, 629 So.2d 14 (Ala.Crim.App.1993); Jackson v. State, 612 So.2d 1356 (Ala.Crim.App.1992); Cunningham v. State, 611 So.2d 510 (Ala. Crim.App.1992); James v. State, 564 So.2d 1002 (Ala.Crim.App.1989); Kinsey v. State, 545 So.2d 200 (Ala.Crim. App.1989); Thomas v. State, 511 So.2d 248 (Ala.Crim.App.1987); Bies v. State, 418 So.2d 940 (Ala.Crim.App.1982). We have also applied the Douglas holding to death-penalty cases. See State v. Tarver, supra, and Thomas v. State, 511 So.2d 248 (Ala. Crim.App.1987).
“ ‘In Alabama, the right to appeal a criminal conviction is a statutory right. See § 12-22-130, Ala.Code 1975. A defendant convicted of a felony has the right to appeal his conviction to the Alabama Court of Criminal Appeals; therefore, the first appeal as of right is to this Court. See § 12-3- *722 9, Ala.Code 1975 (“The Court of Criminal Appeals shall have exclusive appellate jurisdiction of all ... felonies.”). “Appellant is constitutionally entitled to effective assistance of counsel, which includes the filing of an appellate brief on first appeal as a matter of right.” Johnson v. State, 584 So.2d 881, 883 (Ala.Crim.App.1991). As we stated in State v. Tarver, 629 So.2d at 18, also a death-penalty case, “a criminal defendant is guaranteed one appeal from his conviction, and that appeal is to this court.”
“‘Recently, in Ex parte Berryhill, 801 So.2d 7, 11 (Ala.2001), the Alabama Supreme Court reiterated the principle that a defendant has a constitutional right to counsel in his first appeal:
“ ‘ “Historically, courts have emphasized the importance of appellate review:
“ ‘ “ ‘The need for forceful advocacy does not come to an abrupt halt as the legal proceeding moves from the trial to [the] appellate stage. Both stages ..., although perhaps involving unique legal skills, require careful advocacy to ensure that rights are not forgone and that substantial legal and factual arguments are not inadvertently [overlooked].’
“ ‘ “Penson v. Ohio, 488 U.S. 75, 85, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).
“ ‘ “ ‘In bringing an appeal as of right from his conviction, a criminal defendant is attempting to demonstrate that the conviction, with its consequent drastic loss of liberty, is unlawful. To prosecute the appeal, a criminal appellant must face an adversary proceeding that — like a trial — is governed by intricate rules that to a layperson would be hopelessly forbidding.’
“ ‘ “Evitts v. Lucey, 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). Therefore, the constitutional right to effective assistance of counsel applies to appellate proceedings. Id., 469 U.S. at 398, 105 S.Ct. 830 (criminal defendants have constitutional rights to effective counsel during the first appeal as of right); see Williams v. Turpin, 87 F.3d 1204, 1209 (11th Cir.1996).”
“ ‘801 So.2d at 11.
“ ‘We are aware that the majority of Alabama cases that have followed Douglas are not death-penalty cases and that at the time our decision in Watkins [v. State, 632 So.2d 555 (Ala. Crim.App.1992),] was released a defendant convicted of a capital offense and sentenced to death was granted an automatic review by this Court and that a petition for a writ of certiorari was automatically granted by the Alabama Supreme Court. See Rule 39, Ala. R.App. P. However, an appeal to the Alabama Supreme Court is a second appeal conducted after this Court has considered and addressed the issues raised by an attorney in the brief to this Court. The State’s obligation to provide counsel was satisfied by providing counsel on the first appeal to this Court. See Douglas v. California, 372 U.S. at 356, 83 S.Ct. 814; Williams v. Turpin, 87 F.3d at 1209.... The primary responsibility for reviewing all death-penalty convictions and sentences is with this Court. See § 13A-5-53(a), Ala.Code 1975.
“ ‘In Thomas, 511 So.2d 248, this Court addressed a claim that an attorney’s performance in his death-penalty appeal before the United States Supreme Court was deficient. In re *723 fusing to recognize the right to counsel beyond that which is constitutionally required, we stated:
“ ‘ “While we quickly recognize the apparent differences between the two types of punishment [a sentence of death versus a sentence of life imprisonment], we know of no reason why the magnitude of the death sentence should distort the guarantee of effective counsel beyond the scope defined by the Supreme Court.”
“ ‘511 So.2d at 258. As the Ohio Supreme Court stated in State v. Buell, 70 Ohio St.3d 1211, 1211, 639 N.E.2d 110, 110 (1994):
“ ‘ “[The defendant’s] 1986 appeal to [the Ohio Supreme Court] was his second appeal; ‘[T]he right to appointed counsel extends to the first appeal as of right, and no further.’ (Emphasis added.) Pennsylvania v. Finley (1987), 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539, 545. See, also, Evitts v. Lucey (1985), 469 U.S. 387, 394, 105 S.Ct. 830, 834-835, 83 L.Ed.2d 821, 828. Having no constitutional right to counsel on a second appeal, [the defendant] had no constitutional right to the effective assistance of counsel.”
“ ‘There is no right to counsel when pursuing a second appeal before the Alabama Supreme Court; therefore, there is no right to the effective assistance of counsel.’
“(Footnotes omitted.)
“Likewise, we conclude that the appel-lee was not entitled to counsel on a discretionary appeal to the Alabama Supreme Court. Therefore, he could not have been denied the effective assistance of counsel when his appellate counsel did not file a petition for a writ of certiorari in the Alabama Supreme Court. Accordingly, the appellee’s ineffective-assistance allegations did not support the granting of permission for him to file an out-of-time petition for a writ of certio-rari in the Alabama Supreme Court.
“For the above-stated reasons, the circuit court erred in granting the appellee permission to file an out-of-time petition for a writ of certiorari in the Alabama Supreme Court.”
The Alabama Supreme Court affirmed this court’s decision in Carruth, holding as follows:
“The underlying and determinative issue in this case is whether a Rule 32, Ala. R.Crim. P., petition is the proper method for obtaining permission to file an out-of-time petition for a writ of cer-tiorari to this Court in a criminal case in which the petitioner has been sentenced to death.
“Rule 2(b), Ala. RApp. P., provides:
“ ‘(b) Suspension of Rules. In the interest of expediting decision, or for other good cause shown, an appellate court may suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction; provided, however, an appellate court may not extend the time for taking an appeal, as provided in Rule 4(a)(1); and the supreme court may not extend the time for filing a petition for certiorari to the courts of appeals as provided in Rule 39(b); provided, however, that the supreme court may extend the time for filing a petition for certiorari in a criminal case in which the death penalty was imposed as punishment’
“(Emphasis added.)
*724 “Thus, for a defendant who is sentenced to death and who failed to timely file a petition in this Court for a writ of certiorari to review the decision of the Court of Criminal Appeals, the proper means to request permission to file an out-of-time petition is to make the request in a Rule 2(b), Ala. R.App. P., motion in this Court and not in a Rule 32 petition in the trial court. Indeed, Carruth filed a Rule 2(b), Ala. R.App. P., motion in this Court, and it was denied by order on February 28, 2008. A Rule 32 petition simply cannot provide the relief requested by Carruth; therefore, this writ is quashed.2
“2 Carruth raised several grounds in his petition for certiorari review; however, because of our resolution of this issue, we pretermit discussion of the other grounds presented by Carruth.”
Ex parte Carruth, 21 So.3d 770, 772 (Ala.2009) (footnote omitted).
Based on this court’s reasoning in Car-ruth, we conclude that the circuit court did not have the authority, pursuant to Rule 32.1(f), Ala. R.Crim. P., to grant Martin permission to file an out-of-time application for a rehearing with this court and an out-of-time petition for a writ of certiorari with- the Alabama Supreme Court.
Based on the Alabama Supreme Court’s ruling in Ex parte Carruth, we also conclude that the circuit court erred when it purported to grant Martin relief pursuant to Rule 32.1(a), Ala. R.Crim. P. In Ex parie Carruth, the Alabama Supreme Court held that “[a] Rule 32 petition simply cannot provide the relief requested by Carruth.” 21 So.3d at 772. Rather, it held that, “for a defendant who is sentenced to death and who failed to timely file a petition in this Court for a writ of certiorari to review the decision of the Court of Criminal Appeals, the proper means to request permission to file an out-of-time petition is to make the request in a Rule 2(b), Ala. R.App. P., motion in this Court.” 21 So.3d at 772.
Rule 2(b), Ala. R.App. P., upon which the Alabama Supreme Court based its decision in Ex parte Carruth, provides, in relevant part:
“[F]or ... good cause shown, an appellate court may suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction; provided, however, an appellate court may not extend the time for taking an appeal, as provided in Rule 4(a)(1)....”
Also, the Committee Comments to Rule 2, Ala. R.App. P., provide, in relevant part:
“The primary purpose of subdivision (b) is to make clear the power of the appellate court to expedite the determination of cases of pressing concern to the public or to the litigants by prescribing procedures and time schedules other than those provided by the rules. The rule prohibits an appellate court from extending the time within which to take an appeal. This rule contemplates that an appellate court may relieve a litigant of the consequences of default where manifest injustice would otherwise result ....
“In criminal cases, because of constitutional requirements and with due regard for the fundamental rights of a defendant, the interplay between available penalties for noncompliance with the mies, on the one hand, and suspension of the rules, on the other hand, is left to the sound discretion of the Court of Criminal Appeals.”
(Emphasis added.)
Rule 2(b), Ala. R.App. P., and the Committee Comments to Rule 2, Ala. R.App. *725 P., specifically provide that an appellate court may exercise its discretion to suspend the requirements of the Alabama Rules of Appellate Procedure as long as the court does not extend the time for taking an appeal. The filing of an application for a rehearing in this court is not the equivalent of taking an appeal. Therefore, this court could exercise its discretion pursuant to Rule 2(b), Ala. R.App. P., to extend the time for filing an application for a rehearing or to place a case on rehearing ex mero motu.
Thus, based on the Alabama Supreme Court’s reasoning in Ex parte Carruth, the plain language of Rule 2(b), Ala. R.App. P., and the Committee Comments to Rule 2, Ala. R.App. P., Martin should have requested permission from this court, pursuant to Rule 2(b), Ala. R.App. P., to file an out-of-time application for a rehearing. As did the Alabama Supreme Court in Ex parte Carruth, we conclude that a Rule 32 petition could not provide the relief Martin requested.
For these reasons, the circuit court erred in granting Martin permission to file an out-of-time application for a rehearing with this court and a petition for a writ of certiorari in the Alabama Supreme Court if this court denied his application for a rehearing.
In an alternative holding, the circuit court found that “the Alabama Supreme Court never lost jurisdiction over this case ... and still retains jurisdiction to review on a return to remand to the Alabama Supreme Court the question of whether the trial court and the Alabama Court of Criminal Appeals followed its earlier remand directives.” (C.R. 1118.) When it reversed this court’s judgment as to sentence in this case, the Alabama Supreme Court stated, “Finally, we must reverse the judgment of the Court of Criminal Appeals to allow the trial court to review its overriding of the jury’s recommendation of life imprisonment without parole and its imposition of the death penalty in light of our opinion in Ex parte Carroll.” Ex parte Martin, 931 So.2d 759, 771 (Ala. 2004). However, it did not specifically indicate that this court was to return Martin’s case to it after the trial court had complied with our remand instructions. If the Alabama Supreme Court had intended to retain jurisdiction to review the case on return to remand, we believe it would have specifically stated its intent to do so as it has done in previous cases. See, e.g., Ex parte Jackson, 836 So.2d 973, 976 (Ala. 2001) (“This cause is remanded with instructions for the Court of Criminal Appeals to remand the case for a hearing in the trial court to determine the admissibility of Jackson’s extrajudicial statement, in accordance with this opinion. After the trial court makes its return to the Court of Criminal Appeals, that court shall forward that return to this Court.”); Ex parte Pierce, 851 So.2d 606, 617 (Ala.2000) (“For these reasons, we remand this case for the Court of Criminal Appeals t'o remand to the trial court for an evidentiary hearing on the question whether Pierce’s claim could have been raised at trial or on appeal and is thus barred pursuant to Rule 32.2(a)(3) or (a)(5). The trial court shall file a return to the remand within 60 days; the return shall include a transcript of the proceedings conducted and the trial court’s findings of fact and conclusions of law. The Court of Criminal Appeals shall transmit that return to this Court.” (emphasis added)). Therefore, we conclude that the circuit court erred in finding, in the alternative, that the Alabama Supreme Court retained jurisdiction to review the case on return to remand.
For the above-stated reasons, we reverse the circuit court’s order and remand *726 this ease for proceedings that are consistent with this opinion.[1]
REVERSED AND REMANDED.
WELCH, WINDOM, and KELLUM, JJ., concur. MAIN, J., concurs in the result.

. Because of our disposition of this case, we conclude, as did the Alabama Supreme Court in Ex parte Carruth, that we need not address the circuit court’s findings regarding counsel's performance and the remaining issues in the parties’ briefs to this court.