BOLIN, Justice.
This Court granted George Martin’s petition for a writ of certiorari to review the judgment of the Court of Criminal Appeals reversing the trial court’s judgment, which held that Martin was entitled to file an out-of-time application for a rehearing with the Court of Criminal Appeals and, depending on the outcome of the rehearing application, a timely petition for a writ of certiorari with this Court. We affirm the judgment of the Court of Criminal Appeals.

Procedural History

On March 10, 2000, Martin was convicted of capital murder in connection with the murder of his wife. The jury recommended that Martin be sentenced to imprisonment for life without the possibility of parole; the trial court overrode the jury’s recommendation and sentenced Martin to death. The Court of Criminal Appeals affirmed Martin’s conviction and his sentence of death. See Martin v. State, 931 So.2d 786 (Ala.Crim.App.2003). This Court affirmed Martin’s conviction, but reversed the Court or Criminal Appeals’ judgment as to the sentence of death and remanded the case for that court to allow the trial court to review its override of the jury’s sentencing recommendation because the trial court did not treat the jury’s sentencing recommendation as a mitigating factor as required by Ex parte Carroll, 852 So.2d 833 (Ala.2002). See Ex parte Martin, 931 So.2d 759, 771 (Ala.2004). On April 29, 2005, the Court of Criminal Appeals reversed the trial court’s judgment and remanded the case for the trial court to enter a new sentencing order that took into consideration this Court’s decision in Ex parte Carroll. See Martin v. State, 931 So.2d 774 (Ala.Crim.App.2005).
On remand, the trial court again overrode the jury’s recommendation and sentenced Martin to death. The Court of Criminal Appeals, on return to remand, affirmed the trial court’s judgment sentencing Martin to death. See Martin v. State, 931 So.2d 774, 776 (Ala.Crim.App.2005). Martin’s appellate counsel did not file an application for a rehearing in the Court of Criminal Appeals, and consequently he did not petition this Court for a writ of certiorari. See Rule 39(c)(1), Ala. R.App. P. The Court of Criminal Appeals issued a certificate of judgment in Martin’s appeal on December 12, 2005.
Martin subsequently filed a petition pursuant to Rule 32, Ala. R.Crim. P., alleging, among other things, ineffective assistance of counsel based his appellate counsel’s failure to file an application for a rehearing in the Court of Criminal Appeals or to petition this Court for a writ of certiorari. After the State responded, the trial court conducted an evidentiary hearing on Martin’s ineffective-assistance-of-counsel claim. After hearing the evidence, the trial court entered an order purporting to grant Martin permission to file an out-of-time application for a rehearing with Court of Criminal Appeals and then, depending on the outcome of his rehearing application, to file a petition for a writ of certiorari with this Court. The trial court reserved for later review all other Rule 32 issues, holding that they shall be addressed subsequent to the ruling by the Alabama Court of Criminal Appeals on Martin’s rehearing application or by this Court on his petition for certiorari review. After determining that the trial court’s order constituted a final judgment or ruling that would support an appeal, the Court of Criminal Appeals held, among other things, that Rule 32.1(f), Ala. R.Crim. P., did not authorize the trial court to grant Martin permission to file an out-of-time application for a rehearing in that court and an out-of-time petition for a writ of certiorari in this Court. State v. *728 Martin, 56 So.3d 709 (Ala.Crim.App.2009). Martin then petitioned this Court for a writ of certiorari to review the decision of the Court of Criminal Appeals; this Court granted the writ.

Standard of Review

““‘[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, the court’s review in a Rule 32 proceeding is de novo.” Ex parte White, 792 So.2d 1097, 1098 (Ala.2001).’ Ex parte Clemons, 55 So.3d 348, 350 (Ala.2007).”
Ex parte Carruth, 21 So.3d 770, 772 (Ala.2009).

Analysis

The dispositive issue in this ease is whether the Court of Criminal Appeals correctly determined that the trial court lacked authority under Rule 32.1(f), Ala. R.Crim. P., to grant Martin permission to file an out-of-time application for a rehearing with that court and, depending on the outcome of that application, to file an out-of-time petition for a writ of certiorari in this Court. In reversing the trial court’s judgment, the Court of Criminal Appeals relied on Ex paHe CaiTuth, supra, in which this Court held that the appropriate procedural vehicle, in a death-penalty case, for requesting permission to file an out-of-time petition for a writ of certiorari in this Court is a motion to suspend the rules pursuant to Rule 2(b), Ala. R.App. P., and not a Rule 32 motion in the trial court. In Ex paHe Carruth, this Court stated:
“The underlying and determinative issue in this case is whether a Rule 32, Ala. R.Crim. P., petition is the proper method for obtaining permission to file an out-of-time petition for a writ of cer-tiorari to this Court in a criminal case in which the petitioner has been sentenced to death.
“Rule 2(b), Ala. R.App. P., provides:
‘“(b) Suspension of Rules. In the interest of expediting decision, or for other good cause shown, an appellate court may suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction; provided, however, an appellate court may not extend the time for taking an appeal, as provided in Rule 4(a)(1); and the supreme court may not extend the time for filing a petition for certiorari to the courts of appeals as provided in Rule 39(b); provided, however, that the supreme couH may extend the time for filing a petition for ceHiorari in a criminal case in which the death penalty was imposed as punishment.’
“(Emphasis added.)
“Thus, for a defendant who is sentenced to death and who failed to timely file a petition in this Court for a writ of certiorari to review the decision of the Court of Criminal Appeals, the proper means to request permission to file an out-of-time petition is to make the request in a Rule 2(b), Ala. R.App. P., motion in this Court and not in a Rule 32 petition in the trial court. ... A Rule 32 petition simply cannot provide the relief requested by Carruth; therefore, this writ is quashed.”
21 So.3d at 772.
The Committee Comments to Rule 2(b), Ala. R.App. P., provide, in pertinent part:
“The primary purpose of subdivision (b) is to make clear the power of the appellate couH to expedite the determination of cases of pressing concern to the public or to the litigants by prescribing procedures and time schedules other than those provided by the rules. The *729 rule prohibits an appellate court from extending the time within which to take an appeal. This rule contemplates that an appellate court may relieve a litigant of the consequences of default where manifest injustice would otherwise result. ...
“In criminal cases, because of constitutional requirements and with due regard for the fundamental rights of a defendant, the interplay betiveen available penalties for noncompliance with the rules, on the one hand, and suspension of the rules, on the other hand, is left to the sound discretion of the Court of Criminal Appeals. ”
(Emphasis added.)
Based on this Court’s holding in Ex parte Carruth, the Court of Criminal Appeals correctly determined that Rule 32, Ala. R.Crim. P., was not the proper mechanism to extend the time for filing an application for a rehearing in that court or a petition for a writ of certiorari in this Court and that the trial court, which had relied on Rule 32, lacked authority to allow such out-of-time filings. Analogous to and consistent with Ex Parte Carruth, the appropriate remedy for Martin is to file a motion, pursuant to Rule 2(b), Ala. R.App. P., with the Court of Criminal Appeals requesting a suspension of the rules in order to file an out-of-time application for a rehearing in that court. Depending on the outcome of his application, Martin may then proceed with filing a timely petition for a writ of certiorari in this Court. A postconviction petition filed pursuant to Rule 32, Ala. R.Crim. P., “simply cannot provide the relief requested” by Martin. Accordingly, we affirm the judgment of the Court of Criminal Appeals.[1]
AFFIRMED.
COBB, C.J., and LYONS, WOODALL, STUART, SMITH, PARKER, MURDOCK, and SHAW, JJ., concur.

. Martin raised several grounds in his petition for certiorari review; however, because of our resolution of this issue, we pretermit discussion of those other grounds.